FORM B104 (08/07)                                                                                                                    2007 USBC, Central District of California

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| | |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| | |

| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | |
|---|---|
| **NAME OF DEBTOR** | **BANKRUPTCY CASE NO.** |

| **DISTRICT IN WHICH CASE IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
|---|---|---|

| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |

| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
|---|---|---|

| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** |
|---|

| **DATE** | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** |
|---|---|

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| *Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: | CHAPTER _____ |
|---|---|
| | CASE NUMBER |
| Debtor. | ADVERSARY NUMBER |
| vs.                                                              Plaintiff(s), | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| Defendant(s). | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT:  A Complaint has been filed by the Plaintiff against you.  If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint.  You must also send a copy of your written response to the party shown in the upper left-hand corner of this page.  Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

**Hearing Date:**            **Time:**            **Courtroom:**            **Floor:**

❑  **255 East Temple Street, Los Angeles**            ❑  **411 West Fourth Street, Santa Ana**

❑  **21041 Burbank Boulevard, Woodland Hills**       ❑  **1415 State Street, Santa Barbara**

❑  **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference.  Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval.  The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                                                                                              **F 7004-1**

| In re | (SHORT TITLE) | CASE NO.: |
|---|---|---|
| | Debtor(s). | |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document described as _____
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____ _____ _____
*Date*                     *Type Name*                                *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010* (COA-SA)                                                                    F 7004-1

1 | **GLOBAL CAPITAL LAW, P.C.**
GARY HARRE (CBN 86398)
2 | DIANE J. BEALL (CBN 86877)
BARRY FAGAN (CBN 160104)
3 | 17612 Beach Blvd., Ste 8
Huntington Beach, CA 92647
4 | Telephone: (714) 907-4182
Facsimile:  (714) 907-4175
5 | Email: ghcmecf@gmail.com

6 | Attorney for Debtor, Elizabeth Barnes

7

8 | **UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
9 | SANTA ANA DIVISION**

10

11
    In re                                          )   **CASE NO. 8:11-bk-11149**
12                                                 )
            ELIZABETH. BARNES                      )   **ADVERSARY PROCEEDING**
13                                                 )
    _____        )
14                                                 )   **ADV. NO.: _____**
    ELIZABETH BARNES, an Individual.               )
15                                                 )
                        Plaintiff,                 )   **COMPLAINT TO DETERMINE THE
16                                                 )   NATURE, EXTENT AND VALIDITY
    -vs.-                                          )   OF LIEN, AND TO DISALLOW
17                                                 )   SECURED CLAIM SET ASIDE
    HSBC Bank USA, National Association, as        )   TRUSTEE'S DEED UPON SALE, TILA
18  Trustee J.P. Morgan Mortgage Trust 2007-A1,    )   VIOLATION, SANCTIONS, AND OTHER
    under pooling and servicing agreement dated    )   RELIEF.**
19  January 1, 2007, its assigns and/or successors in )
    interest; JPMorgan Chase Bank, N.A.; J.P.      )
20  Morgan Acceptance Corporation I; J.P. Morgan   )
    Mortgage Acquisition Corp.; Northwest Trustee  )
21  Services, Inc.; Global Provision, LLC; and     )
    Unknown Defendants 1 through 10; Inclusive;    )
22                                                 )
                        Defendants.                )
23  _____        )

24 |     COMES NOW debtor and plaintiff ELIZABETH BARNES herein ("Plaintiff" or

25 | "BARNES), by and through his counsel, and files this Complaint to determine the nature, extent

26 | and validity of lien, and to disallow secured claim, set aside Trustee's Deed Upon Sale, TILA

27 | violation, sanctions and other relief and in support thereof states as follows:

28

---

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

1.     This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2.     This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b).

3.     Venue is proper pursuant to 28 U.S.C. §1409.

4.     This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and jurisdiction exists pursuant to 11 U.S.C. § 502 (a) and (b) (1), 11 U.S.C. § 544 (a) (3) and (b) (1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

5.     Debtor has standing to pursue this adversary proceeding.

## **PARTIES**

6.     Plaintiff is an individual having standing to bring this action pursuant to 11 U.S.C. 323, 1302, and 1330.

7.     Plaintiff is the debtor of the within captioned bankruptcy case, having filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code on January 26, 2011 ("the Bankruptcy Case") in the Central District of California Case Number: 8:11-bk-11149.

8.     Plaintiff is and at all times mentioned herein is the owner and purchaser of real property known as 6461 Oakcrest Cir., Huntington Beach, CA 92648 (hereinafter referred to as "SUBJECT PROPERTY") and more particularly described as:

> **LOT 128 OF TRACT NO. 13821, IN THE CITY OF HUNTINGTON BEACH COUNTY OF ORANGE, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 636 PAGE(S) 21 TO 29 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**
>
> **EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW THE SURFACE OF SAID LAND, BUT WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED OR GRANTED IN DOCUMENTS OF RECORD.**

9. Defendant, JP Morgan Chase Bank, N.A. (hereinafter "JPMCBNA") is a national banking association and FDIC-Insured with its principal place of business located at 270 Park Avenue, New York, New York 10017. JPMCBNA is being sued in its capacity as the originator of Plaintiff mortgage loan, the "Master Servicer" and "Custodian" of the J.P. Morgan Mortgage Trust 2007-A1 Mortgage Pass-through Certificates (hereinafter "2007-A1"). Defendant may be served with process of this Court by mail at its principal place of business.

10. Defendant, J.P. Morgan Acceptance Corporation I (hereinafter "JPMAC1"), a Delaware corporation, is a subsidiary of JPMCBNA with its principal place of business located at 270 Park Avenue, New York, New York 10017. JPMAC1 is being sued in its capacity as "Depositor" of the 2007-A1. Defendant may be served with process of this Court by mail at its principal place of business.

11. Defendant, J.P. Morgan Mortgage Acquisition Corp. (hereinafter "JPMMAC"), a Delaware corporation, is a subsidiary of JPMCBNA with its principal place of business located at 270 Park Avenue, 6th Floor, New York, New York 10017. JPMMAC is being sued in its capacity as "Seller" of the 2007-A1. Defendant may be served with process of this Court by mail at its principal place of business.

12. Defendant, J.P. Morgan Mortgage Acquisition Corp. (hereinafter "JPMMAC"), a Delaware corporation, is a subsidiary of JPMCBNA with its principal place of business located at 270 Park Avenue, 6th Floor, New York, New York 10017. JPMMAC is being sued in its capacity as "Seller" of the 2007-A1. Defendant may be served with process of this Court by mail at its principal place of business.

13. Defendant, HSBC Bank USA, National Association, as Trustee J.P. Morgan Mortgage Trust 2007-A1, under pooling and servicing agreement dated January 1, 2007, its assigns and/or successors in interest (hereinafter "HSBC"), is a national banking association and FDIC-Insured, with its principal place of business for corporate trust located at 10 East 40th Street, 14th Floor, New York, NY 10016. Defendant may be served with process of this Court by mail at its principal place of business.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

14. Defendant, Northwest Trustee Services, Inc. ("Northwest") is a Washington corporation. Northwest is being sued in its capacity as trustee under the Deed of Trust (hereinafter "DOT Trustee" or "Northwest"). Defendant may be served with process of this Court by mail at its Agent for Service of Process, CT Corporation System located at 818 W. 7th St, Los Angeles, CA 90017.

15. Defendant, Global Provision, LLC ("Global") is a California corporation. Global is being sued in its capacity as recipient of fraudulently conveyed title from Aztec. Defendant may be served with process of this Court by mail at its Agent for Service of Process, CHRIS CHENGSHUNG HO located at 9 RUTHERFORD, IRVINE CA 92602.

16. Unknown Defendants 1 through 10 are corporate entities and/or individuals that may have a legal interest in the promissory notes, deed of trust, assignments or the real property which is the subject of this proceeding and/or who may be responsible for the acts complained of herein.

17. Collectively the defendants named above will be referred to as Defendants.

## FACTS

### The Barnes' Mortgage

18. On or about January 4, 2005, Debtor Elizabeth Barnes ("Barnes" or "Debtor"), executed a Promissory Note payable to JPMorgan Chase Bank, N.A. and a Deed of Trust (the "Deed of Trust") conveying their interest in certain real property to JP Morgan Chase Bank, N.A. in trust to secure repayment of the Note. The Deed of Trust was recorded in the land records of Orange County, California as Instrument number 2005000022661. The Note and Deed of Trust are attached hereto as Exhibits "A" and "B," respectively.

19. The subject real property is more particularly described as follows:

> **LOT 128 OF TRACT NO. 13821, IN THE CITY OF HUNTINGTON BEACH COUNTY OF ORANGE, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 636 PAGE(S) 21 TO 29 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**
>
> **EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW THE SURFACE OF SAID LAND, BUT WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED OR GRANTED IN DOCUMENTS OF RECORD.**

20. On or about November 17, 2009, the Note, together with the Deed of Trust was purportedly assigned by JPMCBNA by virtue of an assignment of Deed of Trust to HSBC.

21. Plaintiff is informed and believes and therefore alleges that such Assignment of Deed of Trust was never recorded in the land records of Orange County. The purported Assignment of Deed of Trust is attached hereto as Exhibit "C".

22. The trust is controlled by and subject to the ***Pooling and Servicing Agreement Dated as of January 1, 2007***, for "J.P. Morgan Mortgage Trust 2007-A1, Mortgage Pass-through certificates" between J.P. MORGAN ACCEPTANCE CORPORATION I, a Delaware corporation, as Depositor (the "Depositor"), HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee (the "Trustee"), and U.S. BANK NATIONAL ASSOCIATION, in its dual capacities as Master Servicer (the "Master Servicer") and Securities Administrator (the "Securities Administrator"), and acknowledged by J.P. MORGAN MORTGAGE ACQUISITION CORP., a Delaware corporation, as Seller (the "Seller"), for purposes of Sections 2.04 and 2.05 and JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, a national banking association, as Custodian (the "Custodian"), for purposes of Sections 11.01, 11.02, 11.03, 11.06, 11.07, 11.09 and 12.16. A true and correct copy of the fully executed Pooling and Servicing Agreement ("PSA") is attached hereto as Exhibit "D".

23. Article I of the PSA defines the term Cut-off Date as January 1, 2007, and Closing Date as January 26, 2007.[1]

24. Section 2.01(a) states that "Concurrently with the execution and delivery of this Agreement, the Depositor [J.P. Morgan Acceptance Corporation I ("JPMAC1")] does hereby transfer, assign, set over, deposit with and otherwise convey to the Trustee [HSBC], without recourse, subject to Sections 2.02 and 2.05, in trust, all the right, title and interest of the Depositor in and to the Trust Fund. Such conveyance includes, without limitation, (i) the Mortgage Loans …"[2] *Emphasis added.*

---

[1] *See* Exhibit "D", pages 16 and 18.
[2] *See* Exhibit "D", page 42.

25. The JPMCBNA - HSBC Assignment was not executed and delivered prior to the Cut-off Date, or any possible contractual extension thereof and not recorded with land records of Orange County as of today.

26. On or about September 14, 2010, Northwest Trustee Services Inc., as purported appointed Trustee under the Deed of Trust, fraudulently recorded a Trustee's Deed that purportedly conveyed title to Global Provision LLC.

### The Barnes' Bankruptcy

27. Debtor filed a Chapter 13 petition and related schedules on January 26, 2011.

28. It is unclear who holds the underlying debt or the Deed of Trust because the purported Assignment of Deed of Trust was never recorded with the land records.

29. Said document purported to assign the Deed of Trust from JPMCBNA to HSBC on November 17, 2009, long after the Cut-off Date of the PSA (January 1, 2007), or any contractual extension thereof.

30. As of November 17, 2009, JPMCBNA had nothing to assign to HSBC.

31. Pursuant to the Trust Agreement, which governs "J.P. Morgan Mortgage Trust 2007-A1", the minimum conveyance chain was as follows ("the A-B-C-D-E chain"):

    A-------- ORIGINATOR – J.P. Morgan Chase Bank, National Association
    B-------- SELLER – J.P. Morgan Mortgage Acquisition Corp.
    C-------- DEPOSITOR – J.P. Morgan Acceptance Corporation I.
    D-------- TRUSTEE – U.S. Bank National Association

32. The Agreements are controlled by, and construed in accordance with New York law. Each alleged transfer of Plaintiffs' Mortgage Loan from the Seller to the Depositor and from the Depositor to the Trustee was intended to be a sale of that Mortgage Loan and was required to be reflected as such in the Sale and Assignment Agreement and the Trust Agreement, respectively.

33. Pursuant to the Custodial Agreement between the Custodian and the Trustee, the Custodian is required to hold the related Mortgage Loan documents, on behalf of the Trustee, in an individual file, separate from other mortgage loan files held by the Custodian, and is required to maintain the said documents in a fireproof facility intended for the safekeeping of mortgage loan files.

# FIRST CLAIM FOR RELIEF
### [Declaratory Relief to Determine an Interest in Property]
### [F.R.B.P 7001(2) and 7001(9)]

34. Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs, as though set forth at length herein.

35. The Note and Deed of Trust were not transferred into the Trust prior to the Cut-off date, or any contractual extension thereof, as set forth in the PSA.

36. At no time relevant hereto did HSBC hold both the Note and Deed of Trust.

37. HSBC did not have standing pursuant to 11 U.S.C. § 506(d) and the lien is void. Therefore, any claim of Defendants should be deemed unsecured and the Deed of Trust void and/or satisfied.

38. Therefore, Plaintiff alleges that the lien evidenced by the Deed of Trust has no value since it is wholly unsecured; that HSBC's claim is not allowable as a secured claim, and that accordingly, the Deed of Trust and its subsequent assignments are null and void.

39. Plaintiff alleges that he holds an interest in the Property free and clear of any interest of defendants, in that the lien evidenced by the Deed of Trust and its subsequent assignments have no value since it is wholly unsecured, and that accordingly, the Deed of Trust is null and void.

40. Plaintiff is informed and believes that Defendants allege that the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

41. Plaintiff is informed and believes and therefore further alleges that Defendant Northwest was not the Trustee under the Deed of Trust and had no power of sale to convey the property by virtue of Trustee's Deed upon sale and such action constitutes fraud.

42. Plaintiff is informed and believes and therefore alleges that Defendants dispute the contention alleged herein.

43. An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the Property.

44. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

//

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the real property known as 6461 Oakcrest Cir., Huntington Beach, CA 92648;
2. That the Court determine that the Trustee's Deed purportedly conveyed title by Northwest is VOID and constitutes a fraudulent conveyance;
3. That the Court determine that the amount of the lien secured by the Deed of Trust described herein is zero;
4. That the Court determine that the claim owed to HSBC by Plaintiffs is wholly unsecured;
5. That the Court determine that the Deed of Trust is null and void;
6. For attorney fees and costs of suit incurred herein; and,
7. For such other and further relief as the court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**[11 U.S.C. § 506 and F.R.B.P 7001]**

45. Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs, as though set forth at length herein.

46. The Note and Deed of Trust were not transferred into the Trust prior to the Cut-off date, or any contractual extension thereof, as set forth in the PSA.

47. At no time relevant hereto did HSBC hold both the Note and Deed of Trust.

48. HSBC did not have standing pursuant to 11 U.S.C. § 506(d) and the lien is void. Therefore, any claim of Defendants should be deemed unsecured and the Deed of Trust void and/or satisfied.

49. Therefore, Plaintiff alleges that the lien evidenced by the Deed of Trust has no value since it is wholly unsecured; that HSBC's claim is not allowable as a secured claim, and that accordingly, the Deed of Trust and its subsequent assignments is null and void.

50. Plaintiff is informed and believes and therefore further alleges that Defendant Northwest was not the Trustee under the Deed of Trust and had no power of sale to convey the property by virtue of Trustee's Deed upon sale and such action constitutes fraud.

51. Plaintiff is informed and believes that HSBC alleges the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

52. Plaintiff is informed and believes and therefore alleges that HSBC and Northwest dispute the contention alleged herein.

53. An actual controversy exists between Plaintiff and HSBC and Northwest with regard to the status of its claim as secured or unsecured.

54. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether HSBC's claim against Plaintiff shall be allowable as secured or unsecured.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the real property known as 6461 Oakcrest Cir., Huntington Beach, CA 92648;
2. That the Court determine that the Trustee's Deed purportedly conveying title by Northwest is VOID and constitutes a fraudulent conveyance;
3. That the Court determine that the amount of the lien secured by the Deed of Trust described herein is zero;
4. That the Court determine that the claim owed to HSBC by Plaintiffs is wholly unsecured;
5. That the Court determine that the Deed of Trust is null and void;
6. For attorney fees and costs of suit incurred herein; and,
7. For such other and further relief as the court deems just and proper.

### THIRD CLAIM FOR RELIEF
### [As to Defendant HSBC]
### [15 U.S.C. § 1641(g)]

55. Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs, as though set forth at length herein.

56. On or about November 17, 2009, JPMorgan Chase Bank purportedly assigned the Deed of Trust together with the Note to Defendant HSBC.

57. In May 2009, "The Helping Families Save Their Homes Act of 2009" was enacted into law that calls for notice to the consumer when a "mortgage loan" is transferred or assigned. The provision was effective immediately and violations are subject to TILA liability.

58. 15 U.S.C. § 1641 was amended by adding at the end the following:

> "*(g) NOTICE OF NEW CREDITOR.-*
> *(1) IN GENERAL.- In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-*
> *(A) the identity, address, telephone number of the new creditor;*
> *(B) the date of transfer;*
> *(C) how to reach an agent or party having authority to act on behalf of the new creditor;*
> *(D) the location of the place where transfer of ownership of the debt is recorded; and*
> *(E) any other relevant information regarding the new creditor.*

59. From the record, it appears that HSBC became the new owner or assignee on November 17, 2009.

60. To date, Plaintiff has not received any notice as required by 15 U.S.C. § 1641(g).

WHEREFORE, Plaintiff prays for judgment against Defendant HSBC as follows:

1. Statutory damage in the amount of $4,000.00;
2. For attorney fees and costs of suit incurred herein; and
3. For such other and further relief as the court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### [Fraud in Conveyance]

61. Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs, as though set forth at length herein.

62. The unrecorded Assignment of Deed of Trust was executed by Joseph Barragan, an employee of Northwest, who was the alleged trustee under the Deed of Trust, who recorded the Trustee's Deed upon sale.

63. Upon information and belief, Plaintiff therefore alleges that neither Joseph Barragan, as an employee of Northwest, nor Northwest has power of attorney to act on behalf of JPMorgan Chase Bank.

64. Such self-serving execution of assignment of Deed of Trust and self-appointment of substitution of Trustee, has not been recorded to date, constituting forgery and fraud.

65. The Note and Deed of Trust were not transferred into the Trust prior to the Cut-off date, or any contractual extension thereof, as set forth in the PSA.

66. At no time relevant hereto did HSBC hold both the Note and Deed of Trust.

67. All Defendants mentioned herein participated in the fraud by processing falsified assignment of Deed of Trust.

68. HSBC falsely represented to Plaintiff that they received valid assignment of Deed of Trust and enforceable endorsement of Promissory Note to procure payments from Plaintiff that they were not entitled to receive.

69. The self-execution of the Assignment of Deed of Trust and Substitution of Trustee, if there was any by Northwest, was self-serving and constitutes forgery.

70. The representations made by said Defendants were in fact false.  The true facts were that HSBC had no interest in the Promissory Note or Deed of Trust pursuant to the PSA.  Any purported assignment of the Deed of Trust or endorsement of the Promissory Note after the cut-off date would constitute a fraudulent conveyance.

71. Since HSBC had no interest as beneficiary under the Deed of Trust which secured the Promissory Note, it had no power to substitute Northwest as Trustee with power of sale.

72. The Trustee's Deed recorded by Northwest is VOID as matter of law because it had no power of sale under the Deed of Trust to do so.

73. Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions alleged herein, was ignorant of the falsity of the Defendants' representations and believed them to be true.  In reliance on these representations, Plaintiff was induced to make payments to these Defendants when they were not entitled to such money.

74.    The aforementioned conducts of the Defendants were intentional misrepresentations, deceit, or concealment of material facts known to the Defendants with the intention on the part of the Defendants of thereby depriving the Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

### FIFTH CLAIM FOR RELIEF
### [LIBEL]

75.    Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs, as though set forth at length herein.

76.    The conduct of Defendants constitutes libel that tends to defame, disparage, and injure Plaintiff in his business and reputation and has also caused pain and suffering.

77.    Such libel has occurred on a continuing basis from approximately January 1, 2007 through the present.

78.    As a result of Defendants' acts and omissions, Plaintiff has been injured in an amount yet to be ascertained.

79.    The conduct of these Defendants as alleged herein was willful, fraudulent, malicious, and oppressive.  As a result, Plaintiff requests an award of punitive damages.

### SIXTH CLAIM FOR RELIEF
### [REMOVE CLOUD FROM TITLE]

80.    Plaintiff realleges and incorporates the allegations contained in the preceding paragraphs, as though set forth at length herein.

81.    Based upon the foregoing allegations, Plaintiff alleges that the Deed of Trust recorded as instrument number 2005000022661 with Orange County Recorder secures nothing for its alleged holder(s) and, is therefore, a cloud on the title.

82.    Plaintiff requests an order of this Court finding that the Deed of Trust is a cloud upon the title of Debtor and that it shall be stricken from the land records of Orange County, California. Further, Debtor requests such other relief to which he or this bankruptcy estate may be entitled.

83. Since the Deed of Trust is stricken from the record; Northwest had no power of sale under such Deed of Trust. Therefore, Trustee's Deed upon sale recorded with Orange County Recorder as Instrument Number 2010000453697 is VOID and should be stricken from the record.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court enter its order granting judgment for the following, in addition those prayed *infra*:

A. A determination that neither HSBC nor JPMorgan Chase Bank, N.A. holds both the Note and Deed of Trust;

B. A finding that the Deed of Trust is either void or satisfied and an order issued to strike it from the land records;

C. A finding that HSBC, JPMorgan Chase Bank, N.A. and Northwest purposefully committed fraud upon this Court and order such sanctions and other remedies necessary to address such fraud and to prevent any future fraud or abuse of process; and

E. Such other relief to which Plaintiff may be entitled.

DATED: 01/26/2011                                    Respectfully Submitted;


                                                     /s/ Barry Fagan
                                                     BARRY FAGAN
                                                     GARY HARRE
                                                     DIANE J. BEALL
                                                     Attorneys for Plaintiff

- 13 -
COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.