1

**GLOBAL CAPITAL LAW**
GARY HARRE (CBN 86938)
2   DIANE J. BEALL (CBN 86877)
8700 Warner Ave., Suite 200
3   Fountain Valley, CA 92708
Telephone: (714) 907-4182
4   Facsimile:  (714) 907-4175
Email: ghcmecf@gmail.com

5

Attorney for Debtor, Elizabeth Barnes

6

7

8               **UNITED STATES BANKRUPTCY COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
9                    **SANTA ANA DIVISION**

10

11

| | |
|---|---|
| In re | **CASE NO. 8:11-bk-11149-ES** |
| | **ADV. NO.: 8:11-ap-01043-ES** |
| ELIZABETH BARNES | |
| | **CHAPTER 13** |
| ELIZABETH BARNES, an Individual. | **NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR** |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE:** |
| -vs.- | **PRELIMINARY INJUNCTION** |
| HSBC Bank USA, National Association, as Trustee J.P. Morgan Mortgage Trust 2007-A1, under pooling and servicing agreement dated January 1, 2007, its assigns and/or successors in interest; JPMorgan Chase Bank, N.A.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Corp.; Northwest Trustee Services, Inc.; Global Provision, LLC; and Unknown Defendants 1 through 10; Inclusive; | **HON. JUDGE ERITHE SMITH** |
| | **DATE** |
| | **TIME** |
| | **CTRM** |
| | **FLOOR** |
| Defendants | |

24       //

25       //

26       //

27       //

28       //

Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 65(b) and local Rule, Rule 65-1, Plaintiff, Elizabeth Barnes ("Plaintiff"), hereby applies ex parte to this Court for:

1.    A Temporary Restraining Order ("TRO"), restraining and enjoining Defendant, HSBC Bank USA, National Association, as Trustee J.P. Morgan Mortgage Trust 2007-A1, under pooling and servicing agreement dated January 1, 2007, its assigns and/or successors in interest; JPMorgan Chase Bank, N.A.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Corp.; Northwest Trustee Services, Inc.; Global Provision, LLC; and Unknown Defendants 1 through 10 and all of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation or privities with any of them, from taking possession of Plaintiff's property known as 6461 Oakcrest Circle,  Huntington Beach, CA 92648 (hereinafter referred to as "SUBJECT PROPERTY") (hereinafter "Plaintiff's Home").

2.    Plaintiff hereby concurrently applies for an Order to Show Cause (hereinafter "OSC") as to why a Preliminary Injunction should not be granted enjoining Defendants', their agents, employees, representatives, attorneys, and all persons acting in concert or participating with them from taking possession of Plaintiff's home.

3.    Concurrently, Plaintiff hereby applies for a hearing date to obtain a Preliminary Injunction.  This application is based on grounds that pecuniary compensation would not afford adequate relief for the possession loss of Plaintiff' home.  Defendants, who were a stranger to this mortgage transaction, are seeking to take possession based on fraudulent conveyance via Trustee's Deed recorded with the Orange County Recorder as Document # 2010000453697. Global Provisions LLC, has purchased Plaintiff's home at an alleged Trustee's Sale without the alleged creditor having the true status of a proper secured

creditor.  Such claims are further defined in the adversary proceeding filed with this Court.  Great and irreparable injury will result to Plaintiff before the matter can be heard on notice.

Plaintiff has not previously obtained an order from any judicial officer for similar relief in this case. The Application is based upon this Notice, the Complaint on file, the attached Memorandum of Points and Authorities, the attached Declarations of "Plaintiff", and any oral argument which will be heard at the time of the hearing of this matter.

Dated: 02/24/2011                                  Respectfully Submitted;

_____
Gary Harre, Esq.
Attorney for Plaintiff, Elizabeth Barnes

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff, Elizabeth Barnes, brings this adversary action against HSBC Bank USA, National Association, as Trustee J.P. Morgan Mortgage Trust 2007-A1, under pooling and servicing agreement dated January 1, 2007, its assigns and/or successors in interest; JPMorgan Chase Bank, N.A.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Corp.; Northwest Trustee Services, Inc.; Global Provision, LLC; and Unknown Defendants (hereinafter "Defendants") and their agents, officers, employees, and affiliated or associated parties, for their and their predecessors actions in engaging in a pattern of unlawful, fraudulent, or unfair predatory real estate practices causing Plaintiff to become a victim of such behavior, and to be in jeopardy of losing her home through foreclosure.

Plaintiff seeks to enjoin defendants from proceeding with taking possession and evicting her from her home located at 6461 Oakcrest Circle, Huntington Beach, CA 92648, based on fraudulent conveyance of title of her property.

### II.    STATEMENT OF FACTS

### The Barnes' Mortgage

On or about January 4, 2005, Debtor Elizabeth Barnes (hereinafter "Barnes" or "Debtor"), executed a Promissory Note payable to JPMorgan Chase Bank, N.A. (hereinafter "Chase") and a Deed of Trust (the "Deed of Trust") conveying their interest in certain real property in trust to secure repayment of the Note.  The Deed of Trust was recorded in the land records of Orange County, California as Instrument number 2005000022661.  The true and correct copy of the Note and Deed of Trust are attached herein as Exhibit A and B respectively. The subject real property is more particularly described in the land records as followed:

**LOT 128 OF TRACT NO. 13821, IN THE CITY OF HUNTINGTON BEACH COUNTY OF ORANGE, STATE OF CALIFORNIA AS PER MAP RECORDED IN BOOK 636 PAGE(S) 21 TO 29 INCLUSIVE OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES LYING BELOW THE SURFACE OF SAID LAND, BUT WITHOUT THE RIGHT OF SURFACE ENTRY, AS RESERVED OR GRANTED IN DOCUMENTS OF RECORD**.

On or about November 17, 2009,  a beneficial interest in the Deed of Trust was purportedly assigned by "Chase", by virtue of an assignment of the Deed of Trust to HSBC Bank USA, National Association, as Trustee J.P. Morgan Mortgage Trust 2007-A1 (hereinafter "HSBC").  Plaintiff is informed and believes and therefore alleges that such Assignment of Deed of Trust was never recorded in the land records of Orange County in a timely manner, as to create a proper and timely assignment as required by the "Strict Compliance" required by the New York Trust Law.  Any act done in contraventions of the terms of the Trust Agreement is void.  The true and correct copy of the purported Assignment of Deed of Trust is attached Exhibit "C".

The J.P. Morgan Mortgage Trust 2007-A1 trust was formed under the strict Trust laws of New York, and is controlled by the Pooling and Servicing Agreement (hereinafter "PSA") dated as of January 1, 2007, for "J.P. Morgan Mortgage Trust 2007-A1" between:

**J.P. MORGAN ACCEPTANCE CORPORATION I, a Del. Corp., as Depositor (the "Depositor"),**
**HSBC BANK USA, NATIONAL ASSOCIATION, as Trustee (the "Trustee"),**
**U.S. BANK NATIONAL ASSOCIATION, Master Servicer (the "Master Servicer")**
**J.P. MORGAN MORTGAGE ACQUISITION CORP., a Del. Corp, as Seller (the "Seller"),**
**J.P. MORGAN CHASE BANK, NATIONAL ASSOCIATION, as Custodian (the "Custodian").**

/ /

The PSA establishes the fiduciary duty of HSBC, as Trustee of the Trust, and defines the term obligations paid by the Trust. Such PSA established a Cut-off Date as January 1, 2007, and Closing Date as January 26, 2007.

Section 2.01(a) of the PSA states that:

"Concurrently with the execution and delivery of this Agreement, the Depositor, J.P. Morgan Acceptance Corporation I ("JPMAC I"), does hereby transfer, assign, set over, deposit with and otherwise convey to the Trustee HSBC, without recourse, subject to Sections 2.02 and 2.05, in Trust, all the right, title and interest of the Depositor in and to the Trust Fund. Such conveyance includes, without limitation, (i) the Mortgage Loans ..." *Id.* at Pg. 42.

In 2009, long after the Trust was closed; HSBC, as trustee, received beneficial interest by way of assignment of from Chase on behalf of the JP Morgan Trust 2007-A1. HSBC's action, as trustee of the Trust, was in clear breach of fiduciary duties as established by the PSA, and can further be construed as self-dealing at the expense of certificate holders of the Trust.

Pursuant to the Trust Agreement, which governs "J.P. Morgan Mortgage Trust 2007-A1", the minimum conveyance chain was as follows ("the A-B-C-D-E chain"):

```
A-------- ORIGINATOR – J.P. Morgan Chase Bank, National Association
B-------- SELLER – J.P. Morgan Mortgage Acquisition Corp.
C-------- DEPOSITOR – J.P. Morgan Acceptance Corporation I.
D-------- TRUSTEE – U.S. Bank National Association
```

The Agreements are controlled by, and construed in accordance with New York law. Each alleged transfer of Plaintiff's Mortgage Loan from the Seller to the Depositor, and from the Depositor to the Trustee, was a true sale of that Mortgage Loan and was required to be reflected as such in the Sale and Assignment Agreement and the Trust Agreement, respectively.

//

Pursuant to the Custodial Agreement between the Custodian and the Trustee, the Custodian is required to hold the related Mortgage Loan documents, on behalf of the Trustee, in an individual file, separate from other mortgage loan files held by the Custodian, and is required to maintain the said documents in a fireproof facility intended for the safekeeping of mortgage loan files.

On or about September 14, 2010, Northwest Trustee Services Inc., as purported appointed Trustee under the Deed of Trust, without power of sale, auctioned Plaintiff's property and then conveyed the Title to Global Provision LLC.

## III.    APPLICABLE AUTHORITIES

Federal Rule of Civil Procedure § 65 and Local Rule § 65-1 authorize this Court to enter a Preliminary Injunction or Temporary Restraining Order ("TRO"). *See* Fed.R. Civ.P § 65. The purpose of such injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be conducted. *See* E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 990 (9th Cir. 2006); LGS Architects, Inc. v. Concordia Homes, 434 F.3d 1150, 1158 (9th Cir. 2006).

A party seeking a Preliminary Injunction must show either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Faith Ctr. Church Evangelistic Ministries v. Glover, 462 F.3d 1194, 1201-02 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. *Id.* LGS Architects, 434 F.3d at 1155; *See* also Harper v. Poway Unified Sch. Dist., 445 F.3d 1166, 1174 (9th Cir. 2006) (the greater the relative hardship to the moving party, the less the probability of success must be shown to support the grant of a preliminary injunction). In addition, the party must do more than merely allege imminent harm sufficient to establish standing, he or she must demonstrate immediate threatened injury as

a prerequisite to preliminary injunctive relief.  <u>Associated Gen. Contractors v.</u> <u>Coalition for Economic Equity</u>, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992).

Under the sliding scale theory, a party seeking an injunction "need not demonstrate that he will succeed on the merits, but must at least show that his cause presents serious questions of law worthy of litigation. <u>Topanga Press, Inc.</u> <u>v. City of Los Angeles</u>, 989 F.2d 1524, 1528 (9th Cir. 1993), cert. denied, 511 U.S. 1030 (1994).  Additionally, in cases where the public interest may be affected, the court must consider the public interest as a factor in balancing the hardships.  <u>Harris v. Bd. Of Supervisors</u>, 366 F.3d 754, 760 (9th Cir. 2004). While a preliminary injunction will not be issued without security by the applicant under Federal Rule of Civil Procedure § 65(c), a District Court has wide discretion in setting the amount of a bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction. <u>Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 321 F.3d 878, 882 (9th Cir. 2003).

**IV.    ARGUMENTS**

Plaintiff's operative pleadings, filed on January 26, 2011, assert claims for TILA violation, quiet title, cancellation of trustee's deed and damages.

**1.    PROBABILITY OF SUCCESS BASED ON MERITS**

Plaintiffs can demonstrate high probable successes on the merits on their claims for relief of VOID of trustee's deed and their Truth in Lending Act claim.

**A.    VOID TRUSTEE'S DEED UPON SALE**

Strong showing is made that HSBC breached its fiduciary duty in receiving Plaintiff's mortgage for the benefit of the Trust, long after it was closed.  HSBC illegally held title for the benefit of the Trust in clear violation of New York Trust laws governing such trust.  It is an undisputed

fact that New York Trust laws are applicable in this jurisdiction and is enforceable by this Court.  Northwest Trustee Services, Inc. derived its power of sale under the Deed of Trust from HSBC, who did not have beneficial interest in the Plaintiff's mortgage.  Therefore, the Trustee's Deed Upon Sale issued to Global Vision is VOID as matter of law, hence cannot establish a good foundation of title purportedly held by Global Vision.  Plaintiff never received any demand for payment from HSBC, nor received any assignment information that HSBC was the newly assigned owner as required by 15 U.S.C. § 1641 (g).

In this case, transfer of mortgage paper may be made outright (sale) or by pledge (as security for a loan to the transferor).  In any event, to perfect the transfer, the transferor should physically deliver the Note to the transferee.  Without a physical transfer, a sale of the Note could be invalidated as a fraudulent conveyance under Com. Code § 3440, and a transfer in pledge could be invalidated as unperfected under Com.Code §§ 9313-9314.  *See* California Mortgages and Deed of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, Section 1.26.

Here, the assignment of the Deed of Trust to HSBC had been improperly backdated, in breach of its fiduciary duty holding title.  HSBC wrongfully substituted Northwest Trustee Services as Trustee to pass title to Global Provision.

**B.    TRUTH AND LENDING ACT [15 U.S.C. § 1641]**

In addition, Plaintiff shows a high probable success on the merits of her claims brought under the Truth In Lending Act (TILA). "The TILA was enacted by Congress to 'avoid the uninformed use of credit." Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989).  To effectuate this purpose, "[e]ven technical or minor violations of the TILA impose liability on the

creditor." *Id.* (citing <u>Semar v. Platte Valley Fed. Sav. & Loan Ass'n</u>, 791

F.2d 699, 704 (9th Cir. 1986)).  Thus, the Ninth Circuit has held that the

TILA and accompanying regulations must be "absolutely complied with and

strictly enforced."

      Applicable here, section 125(a) of the TILA, 15 U.S.C. § 1641 was

amended by adding at the end the following:

      "(g) NOTICE OF NEW CREDITOR.-

(1)  IN GENERAL.- In addition to other disclosures required by this title,
not later than 30 days after the date on which a mortgage loan is sold or
otherwise transferred or assigned to a third party, the creditor that is the
new owner or assignee of the debt shall notify the borrower in writing of
such transfer, including-
      (A)  the identity, address, telephone number of the new creditor;
      (B)  the date of transfer;
      (C)  how to reach an agent or party having authority to act on behalf
of the new creditor;
      (D)  the location of the place where transfer of ownership of the debt
is recorded; and
      (E)  any other relevant information regarding the new creditor

      From the record, it appears that HSBC cannot become a creditor or

Assignee of Deed of Trust. Therefore, any assertion made by HSBC as beneficiary,

whether as creditor under the Promissory Note or beneficiary under the Deed of

Trust, cannot legally occur.

## 2.    IRREPARABLE HARM

      Plaintiff maintains they will be irreparably harmed by loosing possession of

their family home.  In <u>Wrobel v. S.L. Pope & Associates</u>, 2007 WL 2345036, at *1

(S.D. Cal. 2007), the court found that "[l]osing one's home through foreclosure is

an irreparable injury." Similar findings were made by the courts in <u>Johnson v.

U.S. Department of Agriculture</u>, 734 F.2d 774, 789 (11th Cir. 1984) ("irreparable

injury is suffered when one is wrongfully ejected from his home. Real property

and especially a home is unique"); <u>Cronkhite v. Kemp</u>, 714 F. Supp. 822, 825

(E.D. Wash. 1989).  One court denied a temporary restraining order on a foreclosure, reasoning that the TRO applicant could halt foreclosure by paying the amount due on the loan.  *See* <u>Barrett v. Popular Inc.</u>, 2007 WL 1753539, at *1 (W.D. Wash. 2007).  In this case, the validity of the Trustee's deed itself is the heart of the dispute. The Court therefore should be persuaded that Plaintiff will be irreparably harmed by loosing possession of their home.

### 3.    BOND

While the literal language of Federal Rule of Civil Procedure § 65(c) suggests that a restraining order will not be issued without security by the applicant, a District Court has wide discretion in setting the amount of a bond. *See* <u>Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 321 F.3d 878, 882 (9th Cir. 2003).  "The District Court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct. *See* <u>Joregensen v. Cassidy</u>, 320 F.3d 906, 919 (9th Cir. 2003).   Here there is no realistic harm to the defendants from a temporary restraint of the foreclosure proceedings.  If the Defendants' position that the Trustee's deed is valid, then Defendant can take possession, as no transfer can take place.  The Defendant's interests are adequately secured by the Trustee's deed if it is valid. No bond will be required at this time.

### CONCLUSION

Accordingly, Plaintiff prays the Court to grant their *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause enjoining Defendants from taking possession and evicting Plaintiff from her home located at 6461 Oakcrest Circle, Huntington Beach, CA 92648, until the Preliminary Injunction hearing.

Plaintiff further requests this Court to set a hearing date for the Preliminary Injunction.

1

2     Dated: 02/24/2011                              Respectfully Submitted;

3

4                                                    _____
                                                     Gary Harre, Esq.
5                                                    Attorney for Plaintiff, Elizabeth Barnes

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28