1  S. CHRISTOPHER YOO (CA Bar No. 169442)
   cyoo@adorno.com
2  SASAN MIRKARIMI (CA Bar No. 260144)
   smirkarimi@alvaradosmith.com
3  ALVARADOSMITH
   A Professional Corporation
4  1 MacArthur Place, Suite 200
   Santa Ana, California 92707
5  Tel: (714) 852-6800
   Fax: (714) 852-6899
6
   Attorneys for Defendants
7  HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE
   J.P. MORGAN MORTGAGE TRUST 2007-A1, JPMORGAN
8  CHASE BANK, N.A., J.P. MORGAN ACCEPTANCE
   CORPORATION I, and J.P. MORGAN MORTGAGE
9  ACQUISITION CORP.

10

11              UNITED STATES BANKRUPTCY COURT

12         CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

13

| 14 | In re | Case No.: 8:11-bk-11149 |
|---|---|---|
| 15 | ELIZABETH BARNES | **Adversary Case No.:** 8:11-ap-01043-ES |
| 16 | Debtor. | (Chapter 13) |
| 17 | | **JUDGE:** Honorable Erithe A. Smith |
| 18 | ELIZABETH BARNES, an Individual, | **MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES** |
| 19 | Plaintiff. | |
| 20 | vs. | |
| 21 | HSBC BANK USA, National Association, as Trustee J.P. Morgan Mortgage Trust 2007-A1, under pooling and servicing agreement dated January 1, 2007, its assigns and/or successors in interest; JPMorgan Chase Bank, N.A.; J.P. Morgan Acceptance Corporation I; J.P. Mortgage Acquisition Corp.; Northwest Trustee Services, Inc.; Global Provision, LLC; and Unknown Defendants 1 through 10; Inclusive; | Date:    September 15, 2011<br>Time:    2:00 p.m.<br>Crtrm:   "5A" |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | Defendants. | |

27

28

---

1180600.2

1
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

**TO THE HONORABLE ERITHE A. SMITH UNITED STATES BANKRUPTCY JUDGE, PLAINTIFFS, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on **September 15, 2011 at 2:00 p.m.** or as soon thereafter as this matter may be heard in Courtroom "5A" of the above-entitled Court, the Honorable Erithe A. Smith United States Bankruptcy Judge, presiding, defendants HSBC Bank USA, N.A. ("HSBC"), JPMorgan Chase Bank, N.A. ("JPMorgan"), J.P. Morgan Mortgage Acquisition Corp. ("JPMMAC"), J.P. Morgan Acceptance Corporation ("JPMAC," and collectively, "Defendants"), will move this Court to dismiss the entire Complaint of plaintiff Elizabeth Barnes ("Plaintiff") pursuant to Rule 12b)(6) of Federal Rules of Civil Procedure ("FRCP") for failure to state a claim. Specifically, Defendant will move the Court as follows:

1. To dismiss Plaintiff's First Claim for declaratory relief on the grounds that it fails to state a claim pursuant to FRCP 12(b)(6).

2. To dismiss Plaintiff's Second Claim for Violation of 11 U.S.C. Section 506 on the grounds that it fails to state a claim pursuant to FRCP 12(b)(6).

3. To dismiss Plaintiffs Third Claim for Violation of 15 U.S.C. Section 1641(g).

4. To dismiss Plaintiff's Fourth Claim for Fraud in Conveyance.

5. To dismiss Plaintiff's Fifth Claim for Libel.

6. To dismiss Plaintiff's Sixth Claim for Remove Cloud From Title.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and papers on file in this action, and such further oral and documentary evidence as may be presented at the hearing on this Motion.

**PLEASE TAKE NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), any interested party wishing to oppose the Motion must file with the Clerk of the Bankruptcy Court and serve upon Defendant, a written opposition that complies with Local Bankruptcy Rule 9013-1(f) not later than fourteen (14) days before the date designated for the hearing.

///

///

1  **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(a)(11), failure to file and serve a timely opposition may be deemed consent to the relief requested in the Motion.

DATED: March 1, 2011

ALVARADOSMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
    S. CHRISTOPHER YOO
    SASAN MIRKARIMI
Attorneys for Defendant
HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE J.P. MORGAN MORTGAGE TRUST 2007-A1, JPMORGAN CHASE BANK, N.A., J.P. MORGAN ACCEPTANCE CORPORATION I, and J.P. MORGAN MORTGAGE ACQUISITION CORP.

**TABLE OF CONTENTS**

Page

I. SUMMARY OF ARGUMENT ..................................................................................1
II. SUMMARY OF RELEVANT FACTS ......................................................................1
III. STANDARD FOR A MOTION TO DISMISS .........................................................2
IV. PLAINTIFF'S FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF FAILS TO STATE A CLAIM. ..................................................................................3
    A. Plaintiff Cannot State a Claim for Declaratory Relief. ...........................3
    B. Role of the Trustee In a Nonjudicial Foreclosure. ..................................5
    C. NTS Acted Properly in Commencing the Nonjudicial Foreclosure Process. ..........5
        1. There is a Conclusive Presumption That NTS Acted Within Its Authority. ..........5
        2. NTS Properly Advanced the Nonjudicial Foreclosure Sale. ...........6
    D. Plaintiff Fails to Allege the Proper Tender or Offer Sum to Cure the Default ........7
V. PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF 11 U.S.C. §506 FAILS ...........9
VI. PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF 15 U.S.C. §1641(G) FAILS ........9
VII. PLAINTIFF'S FOURTH CLAIM FOR FRAUD IN CONVEYANCE FAILS ................10
VIII. PLAINTIFF CANNOT STATE A CLAIM FOR LIBEL AGAINST DEFENDANTS ....11
IX. PLAINTIFF'S SIXTH CLAIM FOR RELIEF TO REMOVE CLOUD FAILS. ...............12
X. CONCLUSION ..........................................................................................................12

# TABLE OF AUTHORITIES

Page

**Cases**

*6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.* (2001) 85 Cal. App. 4th 1279, 1284 .......................... 5

*Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996) ........................................ 8, 12

*Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968) ........................................................... 10

*Aetna Life Ins. Co. of Hartford* ................................................................................... 3

*American States Ins. Co v. Kearns*, 15 F.3d 142, 143-144 (9th Cir. 1994) ................................. 3

*Arnold Management Corporation v. Eischen*, 158 Cal.App.3d 575, 579 (1984) ........................ 9

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) ............................................... 2

*Brown v. Busch* (1957) 152 Cal. App. 2d 200, 204 ............................................................. 5

*Conn. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937) ............................................ 3

*Fleming v. Kagan*, 189 Cal.App.2d at 791, 796-797 (1961) .................................................. 7

*FPCI Re-Hab 01 v. E & G Investments*, 207 Cal.App.3d 1018, 1020 (1989) ............................ 8

*Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir.1986) ......................................................... 3

*Hatch v. Collins*, (1990) 225 Cal. App.3d 1104, 1112. ......................................................... 5

*Homestead Sav. v. Darmiento* (1991) 230 Cal. App. 3d 424 ................................................ 4

*In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994) ......... 10, 11

*Karlsen v. American Savings & Loan Association*, 15 Cal.App.3d 112 (1971) ......................... 8

*Knapp v. Doherty* (2004) 123 Cal.App.4th 76 .................................................................... 6

*Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) ........................................ 3

*Moeller v. Lien* (1994) 25 Cal. App. 4th 822 ...................................................................... 4

*Rincon v. Recontrust Co., et al.*, 2009 WL 2407396, *6 ....................................................... 4

*Stansfield v. Starkey*, 220 Cal.App.3d 59, 73 (1990) ........................................................... 10

*Stevens v. Plumas Eureka Annex Min. Co.* (1935) 2 Cal. 2d 493, 497. ..................................... 5

*StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *4 (C.D.Cal. May 2, 2006) ............. 4

*Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.3d 584, 589 (E.D.Va. 2006) ............................... 10

*United States Cold Storage v. Great Western Savings & Loan Association*, 165 Cal.App.3d 1214, 1225 (1985) .............................................................................................................. 7, 8

# TABLE OF AUTHORITIES

Page

*Williams v. Koenig*, 219 Cal. 656, 660 (1934) .......... 8

**Statutes**

Civ. Proc., § 2924 .......... 4, 5, 7

11 U.S.C. §506 .......... 9

15 U.S.C. § 1640(e). .......... 9

15 U.S.C. §1641(g) .......... 9, 10

28 U.S.C. § 2201 .......... 3

Civ. Proc., § 2934a .......... 5

Civ. Proc., § 3412 .......... 7

Civ. Proc., § 2924(a)(2). .......... 6

Civ. Proc., §§ 2928(a)(3), 2924b(b)(1) .......... 6

Civ. Proc., § 2941(b) .......... 5

**Other Authorities**

*Miller & Starr, Cal.* Real Estate 4th ed. "Deeds of Trust", section 10:212, pg. 653-654 .......... 8

*Miller & Starr*, *Cal.* Real Estate 3d ed. 2000 Deeds of Trust § 10:211, p. 680 .......... 5, 7

**Rules**

Fed. R. Civ. Proc. 57 .......... 3

Fed. R. Civ. Proc. 9(b) .......... 10

**Treatises**

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997) .......... 10

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants HSBC Bank USA, N.A. ("HSBC"), JPMorgan Chase Bank, N.A. ("JPMorgan"), J.P. Morgan Mortgage Acquisition Corp. ("JPMMAC"), J.P. Morgan Acceptance Corporation ("JPMAC," and collectively, "Defendants") submit the following Memorandum of Points and Authorities in support of their Motion to Dismiss the Complaint of plaintiff Elizabeth Barnes and ("Plaintiff").

## I. SUMMARY OF ARGUMENT

Plaintiff's claim arises out of the purported violations in connection with the foreclosure proceedings commenced by Defendants with respect to the subject loan in connection with the property located at 6461 Oakcrest Circle, Huntington Beach, California 92648 ("Subject Property"). Plaintiff obtained a residential home loan, defaulted, and the Subject Property was sold a trustee's sale. Now, six years have passed and Plaintiff seeks to rescind the subject transaction. The gravamen of Plaintiff's claim is that the Defendants did not have the authority to foreclose and seeks to void the nonjudicial foreclosure sale of the Subject Property. However, Plaintiff's claims are fatally flawed since the publicly recorded documents included with this Motion clearly set forth the Defendants' compliance with California's statutory framework for nonjudicial foreclosures. Plaintiff's remaining claims for fraud and libel are conclusory and fail to allege any facts sufficient to plead a cause of action. Accordingly, the claims fail and are subject to dismissal without leave to amend.

Finally, it is puzzling why JPMMAC and JPMAC have been named parties to this adversary lawsuit. They have no involvement with the subject loan or the subject property. These two defendants should be summarily dismissed from the lawsuit.

## II. SUMMARY OF RELEVANT FACTS

The following are the relevant allegations in the Complaint and judicially noticeable facts set forth in the documents included in the Request for Judicial Notice:

- Elizabeth Barnes and Howard Barnes, Husband and Wife as Joint Tenants, obtained a mortgage loan in the sum of $$800,000.00 ("Loan") secured by a deed of trust ("DOT") encumbering the property located at 6461 Oakcrest Circle, Huntington Beach, California 92648 (previously defined as "Subject Property"). The DOT was recorded on January 11, 2005, with the Orange County Recorder's Office as instrument number 2005000022661. The DOT identifies JPMorgan Chase Bank, N.A. as the lender, United Title Company as Trustee, and Elizabeth and Howard

1
MOTION TO DISMISS ADVERSARY COMPLAINT

1180600.2

Barnes as the borrowers. *See* Request for Judicial Notice ("RJN"), Exhibit 1.

- A Substitution of Trustee in connection with the DOT was recorded on or around March 30, 2009 with the Orange County Recorder's Office as instrument number 200900014826. NDEx West LLC was substituted as the new trustee. *See,* RJN, Exhibit 2.

- An Assignment of Deed of Trust was recorded on around March 30, 2009 with the Orange County Recorder's Office as instrument number 200900014832. The Assignment indicates that defendant HSBC was assigned beneficial interest under the DOT. *See,* RJN, Exhibit 3.

- Plaintiff defaulted on the Loan. Therefore, on November 18, 2009, Northwest Trustee Services, Inc. ("NTS"), as agent for the beneficiary, recorded a Notice of Default to Sell Under Deed of Trust ("NOD") with the Orange County Recorder's office as instrument number 2009000625203. The NOD indicates that as of November 17, 2009, the amount in arrears was $29,446.69 *See*, RJN, Exhibit 4.

- Another Substitution of Trustee in connection with the DOT was recorded on or around April 1, 2010 with the Orange County Recorder's Office as instrument number 2010000153855., substituting defendant NTS. *See,* RJN, Exhibit 5.

- A Notice of Trustee's Sale in connection with the DOT was recorded on or around April 1, 2010 with the Orange County Recorder's Office as instrument number 2010000153856. *See,* RJN, Exhibit 6

- A Trustee's Deed Upon Sale was recorded on September 14, 2010 with the Orange County Recorder's office as instrument number 2010000453697. *See* RJN, Exhibit 7.

### III. STANDARD FOR A MOTION TO DISMISS

A motion to dismiss pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure ("FRBP") tests the legal sufficiency of the claim alleged in the complaint. Thus, a motion to dismiss may be brought where a plaintiff fails to state a claim upon which relief can be granted. Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs' obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). The "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

## IV. PLAINTIFF'S FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF FAILS TO STATE A CLAIM.

Plaintiff's first cause of action challenges the authority of the Defendants to foreclose on the Subject Property and seeks a declaration from this Court that the trustee's deed resulting from said foreclosure is void. *See* Complaint, ¶¶ 38-44; ¶54; ¶¶68-73; ¶83. However, Plaintiff cannot state a claim for Declaratory Relief as the publicly recorded documents included with this Motion, establish that Defendants properly carried out the foreclosure proceeding in accordance with California's Statutory Framework.

### A. Plaintiff Cannot State a Claim for Declaratory Relief.

Plaintiff's claim for apparently declaratory relief fails. The Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 provides, in pertinent part:

> In a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The DJA's operation "is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co v. Kearns,* 15 F.3d 142, 143-144 (9th Cir. 1994). As to a controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941).

Moreover, "[d]eclaratory relief is only appropriate '(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.' *Guerra v. Sutton,* 783 F.2d 1371, 1376 (9th Cir.1986). Although "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate" (Fed. R. Civ. Proc. 57), "the availability of other adequate remedies may make declaratory relief

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1180600.2

3
MOTION TO DISMISS ADVERSARY COMPLAINT

1  inappropriate ...." *StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *4 (C.D.Cal. May 2,
2  2006)." *Rincon v. Recontrust Co., et al.*, 2009 WL 2407396, *6.

3      Here, declaratory relief is unnecessary and inappropriate. In particular, Plaintiff alleges that
4  a judicial determination is warranted "to declare the actual rights and obligations of the parties and
5  make a determination as to the validity, nature and extent of Defendants' interest in the Property."
6  *See,* Complaint, ¶ 44. In that regard, Plaintiff contends that "Defendant Northwest was not the
7  Trustee under the Deed of Trust and had no power of sale to convey the property by virtue of
8  Trustee's Deed upon Sale . . . ." *See* Complaint, ¶ 41. Plaintiff also merely concludes that Defendant
9  HSBC does not hold both the Note and Deed of Trust (Complaint, ¶36), that the lien is void
10 (Complaint ¶37) and that the conveyance of the Trustee's Deed Upon Sale issued by NTS constitutes
11 fraud (Complaint, ¶41). However, Plaintiff fails to challenge the sufficiency of the nonjudicial
12 foreclosure process.

13     California Civil Code sections 2924 – 2924i is the "the comprehensive statutory framework
14 established to govern nonjudicial foreclosure sales." Moeller v. Lien, (1994) 25 Cal. App. 4th 822,
15 834; see also Homestead Sav. v. Darmiento, (1991) 230 Cal. App. 3d 424, 432-33.  Plaintiff seems
16 to be claiming in her request for declaratory relief that the foreclosure process was improper and that
17 neither HSBC nor NTS had the right to foreclose on the Subject Property. *See* Complaint , ¶¶40-44.
18 However, recorded documentation, included within this Motion, refutes all allegations by Plaintiff
19 that the Defendants lacked the requisite power and authority to act in the manner they did.
20 Plaintiff's reliance is misplaced because the basis for Plaintiff's allegations is an unrecorded
21 Assignment of the Deed of Trust. Yet, Plaintiff fails to include or reference the actual operative
22 Assignment of Deed of Trust recorded on March 30, 2009 whereby JPMorgan Chase Bank, N.A., as
23 Beneficiary, assigned the beneficial interest under the Deed of Trust to HSBC. Thus, clearly, HSBC
24 is the assignee beneficiary of the subject DOT, and authorized to instruct NTS to proceed with
25 foreclosure sale. *See,* RJN, Exhibit 3. Also, NTS was properly substituted in as the trustee. *See,*
26 RJN, Exhibit 5.

27     In short, Plaintiff cannot challenge the authority of the trustee, NTS, to proceed with the
28 nonjudicial foreclosure, nor can she challenge NTS' adherence with the statutory requirements

Case 8:11-ap-01043-ES    Doc 12    Filed 03/01/11    Entered 03/01/11 12:28:39    Desc
Main Document    Page 11 of 20

mandated by § 2924 of the California Civil Code.

### B. Role of the Trustee In a Nonjudicial Foreclosure.

When a Deed of Trust is used as security for a loan, a three-party transaction is created. The debtor is called the Trustor while the creditor is known as the beneficiary. In addition, a "neutral third party," known as the Trustee, is also required. The beneficiary controls the foreclosure process, not the trustee. Under Civil Code § 2924 the beneficiary determines the nature of the breach contained within a Notice of Default. The beneficiary elects to sell the property to satisfy that obligation and any other obligation secured by the deed of trust or mortgage that is in default. The Trustee has neither the power to elect to foreclose nor the obligation to determine the nature of the breach. The Trustee only has two duties with respect to the property. If the Trustor satisfied the debt secured by the Deed of Trust, the Trustee is obligated to reconvey its interest in the property back to the Trustor. *Civil Code* §2941(b). If the Trustor defaults on the obligation, the Trustee may exercise the Power of Sale contained in the Deed of Trust. §§2924-2924h; *Hatch v. Collins*, (1990) 225 Cal. App.3d 1104, 1112.

### C. NTS Acted Properly in Commencing the Nonjudicial Foreclosure Process.

#### 1. There is a Conclusive Presumption That NTS Acted Within Its Authority.

As a general rule, there is a common law rebuttable presumption that a foreclosure sale has been conducted regularly and fairly. See 4 Miller & Starr, Cal. Real Estate (3d ed. 2000) section 10:211, p 647, fn. Omitted; *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.* (2001) 85 Cal. App. 4th 1279, 1284; *Brown v. Busch* (1957) 152 Cal. App. 2d 200, 204. Accordingly, "[a] successful challenge to the sale requires evidence of a failure to comply with the procedural requirements for the foreclosure sale that caused prejudice to the person attacking the sale. The presumption must prevail when the record lacks substantial evidence of a prejudicial procedural irregularity. *6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.* (2001) 85 Cal. App. 4th 1279, 1284; *Stevens v. Plumas Eureka Annex Min. Co.* (1935) 2 Cal. 2d 493, 497. Furthermore, under Cal. Civil Code §2934a, subsection d, the recordation of the Substitution of Trustee is "conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section."

5
MOTION TO DISMISS ADVERSARY COMPLAINT
1180600.2

1    On November 16, 2009, NTS was substituted as the Trustee under the Deed of Trust by
2    Defendant HSBC. *See RJN*, Exhibit 5.. The Trustee or its duly appointed agent has the authority to
3    conduct a foreclosure sale at public auction. *Civ. Code* § 2924a. Thus, NTS was properly
4    substituted in as the Trustee under the Deed of Trust and had authority to institute foreclosure
5    proceedings. Additionally, because of the conclusive presumption of *Civ. Code* § 2934a, this Court
6    may find as a matter of law that NTS possessed the requisite authority to foreclose on the Subject
7    Property. Furthermore, as set forth below, the facts before this Court also demonstrate that NTS'
8    actions were in accordance with the powers given to it as the Trustee on the Deed of Trust, and that
9    NTS fully complied with California's statutory non-judicial foreclosure process in advancing the
10   Trustee's sale of the Subject Property.

**2.    NTS Properly Advanced the Nonjudicial Foreclosure Sale.**

12    Upon the occurrence of a default, the trustee, beneficiary, or ***any other authorized agent*** may
13   start the foreclosure proceeding by recording and serving a Notice of Default with the County
14   Recorder. *Civ. Code* § 2924. On November 18, 2009, NTS recorded the Notice of Default and
15   Election to Sell Under Deed of Trust, as agent for the beneficiary. *See* RJN, Exhibit. 4. This
16   commenced the foreclosure process.

17    Following the recording of the Notice of Default, three months must elapse before
18   scheduling the foreclosure sale. Civ. Code § 2924(a)(2). The Notice of Trustee's Sale must provide
19   the date, time, and location of the foreclosure sale which must be at least 20 days after the Notice
20   was provided to the trustor, and it must be recorded 14 days before the sale date. Civ. Code §§
21   2928(a)(3), 2924b(b)(1) and (c)(3), 2924f. April 1, 2010, more than four months after recording the
22   Notice of Default, NTS issued and served the Notice of Trustee's Sale, which was subsequently *See*
23   RJN, Exhibit 6. The Notice of Trustee's Sale set the trustee's sale date for April 22, 2010. *Id.*

24    After multiple postponements, the Subject Property was sold at a public auction on
25   September 2, 2010. *See* RJN, Ex. 7. The Trustee's Deed was subsequently recorded on September
26   14, 2010. *Id.* Thus, NTS properly followed all the statutory foreclosure procedures.

27    Moreover, as noted by the court in *Knapp v. Doherty* (2004) 123 Cal.App.4th 76:

> If the trustee's deed contains a recital that all default and sale notices have been given, the notice requirements are statutorily presumed to have been satisfied, which presumption is conclusive as to a bona fide purchaser at the foreclosure sale. (§2924). Id. at 86, n4.

The statute also indicates that this recital is prima facie evidence that all of the statutory requirements were met. Civ. Code § 2924; 4 Miller & Starr, California Real Property (3d ed. 2000) Deeds of Trust § 10:211, p. 680. The Trustee's Deed Upon Sale meets this requirement. *See* RFJN Exhibit 7. In addition to including the recording dates for the Deed of Trust, the Notice of Default and Election to Sell under the Deed of Trust, and the Notice of Sale, the Trustee's Deed expressly states:

> All requirements per California Statutes regarding the mailing, personal delivery and publication of copies of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting of copies of Notice of Trustee's Sale have been complied with. Id.

As such, there was no irregularity in the foreclosure proceedings, no actual controversy exists, and Plaintiff cannot state a claim for declaratory relief on this basis.

D. **Plaintiff Fails to Allege the Proper Tender or Offer Sum to Cure the Default**

Under *California Civil Code* § 3412, "a written instrument in which there is reasonable apprehension that if left outstanding it may cause serious injury to a person against <u>who it void or voidable</u>, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." (Emphasis added). <u>In obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the Plaintiff has received in the transaction.</u> (citation omitted). The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant. (citations omitted). (Emphasis added.) *Fleming v. Kagan*, 189 Cal.App.2d at 791, 796-797 (1961).

A <u>condition precedent to any cause of action arising from an alleged wrongful foreclosure is that the Borrower must tender or offer to tender a sum sufficient to cure the default</u>. *United States Cold Storage v. Great Western Savings & Loan Association*, 165 Cal.App.3d 1214 (1985). Plaintiff nevertheless omits this critical allegation from the Complaint. *See United States Cold Storage*, 165

7
MOTION TO DISMISS ADVERSARY COMPLAINT

1180600.2

Cal.App.3d at 1225. In *United States Cold Storage*, the Court stated:

> "It would be futile to set aside a foreclosure sale on the technical ground that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase the property. Thus, it is sensible to require that a trustor, whose default to begin with resulted in the foreclosure, give proof before the sale is set aside that he now can redeem the property." *Id.* at 1225.

This rule of requiring a tender from the borrower was also addressed in *Karlsen v. American Savings & Loan Association*, 15 Cal.App.3d 112 (1971), where the Court stated:

> "A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust. [Citations omitted.] A tender of payment is of no effect if the offerer does not have the present ability to make the tender good."

The Court of Appeal reaffirmed the rule in *Abdallah v. United Savings Bank* that "in order to maintain any cause of action for irregularity" in the procedure of a trustee's sale, plaintiffs are required to tender the amount of the secured indebtedness. *Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 1109 (1996). In *Abdallah*, the Court of Appeal affirmed the trial court's sustaining of a demurrer, without leave to amend, to a borrower's action to set aside a trustee's sale and for damages, which among other things, failed to allege tender of the amount due on the foreclosed upon loan prior to the filing of the action. "Without an allegation of such tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action." *Miller & Starr, Calif. Real Estate* 4th ed. "Deeds of Trust", section 10:212, pg. 653-654.

In *FPCI Re-Hab 01 v. E & G Investments*, the plaintiff brought an action against the holder of a lien and the trustee to set aside the trustee's sale alleging that their nonjudicial foreclosure sale was not properly conducted. *FPCI Re-Hab 01 v. E & G Investments*, 207 Cal.App.3d 1018, 1020 (1989). The court held that a full and valid tender of the amount due under the note and deed of trust foreclosed upon is a necessary prerequisite to an action challenging or seeking damages from a trustee's sale. *Id.* at 1021-1024. The court reasoned that to set aside the trustee's sale would be an exercise in futility if the plaintiff were unable to pay the loan anyway. *Id.*

Here, Plaintiff makes no tender of the amount due under the Loan. *See* Complaint, ¶¶ 34-54; 55-73. In sum, Plaintiff cannot seek equitable relief since Plaintiff has not done equity. *Williams v. Koenig*, 219 Cal. 656, 660 (1934). "A cause of action 'implicitly integrated' with the irregular sale fails unless the trustor can allege and establish a valid tender. [Citation Omitted.]" *Arnold*

8
MOTION TO DISMISS ADVERSARY COMPLAINT

1180600.2

1  *Management Corporation v. Eischen*, 158 Cal.App.3d 575, 579 (1984). Equity requires Plaintiff to
2  tender the entire indebtedness, which as of March 26, 2010 was $775, 173.36. *See* RJN, Exhibit 6.
3  Notwithstanding, Plaintiff fails to <u>allege that Plaintiff can fully and unconditionally tender this
4  amount owing under the deed of trust, or the means by which Plaintiff will accomplish any such
5  payment, as required by California law.</u> *See*, Complaint.

6  Therefore, since NTS followed all the statutory foreclosure procedures and Plaintiff has
7  failed to make a valid tender, she cannot sustain a claim for declaratory relief or cancellation of the
8  trustee's Deed.

9  **V.    PLAINTIFF'S SECOND CLAIM FOR VIOLATION OF 11 U.S.C. §506 FAILS**

10  Plaintiff's second claim appears to be alleging a claim for violation of 11 U.S.C. §506. In
11  support of this claim, Plaintiff simply alleges that "HSBC did not have standing pursuant to 11
12  U.S.C. 506(d) and the lien is void." (*See* Complaint, ¶48). Other than this conclusory allegation,
13  Plaintiff fails to set forth any additional facts to support this claim and it should be dismissed for this
14  reason alone. In fact, Plaintiff's remaining allegations in the second claim are identical to the
15  allegations set forth in the First Claim for Declaratory relief. Even if Plaintiff did properly set forth
16  a claim under this code section, it would still fail as Plaintiff's Bankruptcy filing was not until after
17  the Subject Property was sold at a trustee's sale. Plaintiff filed for chapter 13 Bankruptcy protection
18  on January 26, 2011. *See Pacer Docket*. Yet, HSBC's interest was extinguished when the property
19  was sold to Global Provision LLC on September 14, 2010. *See RJN,* Exhibit 7.

20  Consequently, Plaintiff's claim under 11 U.S.C. Section 506 is moot and inapplicable under
21  the facts of this case.

22  **VI.   PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF 15 U.S.C. §1641(G) FAILS**

23  Plaintiff's third claim seeks to set forth a violation under the Truth in Lending Act ("TILA").
24  *See* Complaint ¶57. Plaintiff contends that she was never notified of the November 17, 2009
25  assignment from JPMorgan to HSBC, and that this somehow triggered a violation under TILA.
26  However, even assuming that Plaintiff can state a claim for TILA violations against Defendants, the
27  statute of limitations for civil penalties has expired. Civil penalties under TILA are subject to a one-
28  year statute of limitations. (15 U.S.C. § 1640(e).) Specifically, Section 1640(e) states in pertinent

ALVARADOSMITH
A PROFESSIONAL CORPORATION
SANTA ANA

1180600.2

9
MOTION TO DISMISS ADVERSARY COMPLAINT

part:

> "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." (Emphasis added).

This particular limitations period was recently discussed in *Tucker v. Beneficial Mortg. Co.*, where the Court granted the defendant's motion for summary judgment of Plaintiff's count of statutory damages, attorney costs and fees, and forfeiture of the tender because Plaintiff filed their claim after the expiration of the TILA's one year statute of limitations. (*Tucker v. Beneficial Mortg. Co.*, 437 F.Supp.3d 584, 589 (E.D.Va. 2006).) The Court held that the one (1) year statute of limitations period applying to claims for civil damages arising from TILA violations begins to run from the date of the complained of violation. Here, Plaintiff's complained violation relates to notice of the November 2009 Assignment. Yet, Plaintiff did not file the current action until January 26, 2011 (*See* Pacer Docket*).* Therefore, Plaintiff's claim under 15 U.S.C. §1641(g) is time barred and fails as a matter of law.

## VII. PLAINTIFF'S FOURTH CLAIM FOR FRAUD IN CONVEYANCE FAILS

The elements for fraud are: 1) a false representation of a material fact, 2) knowledge of the falsity (scienter), 3) intent to induce another into relying on the representation, 4) reliance on the representation, and 5) resulting damage. (*Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968); 5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).) Furthermore, a plaintiff must plead a fraud claim specifically and not generally. Specific pleading requires facts that clearly allege every element of the fraud. (*Stansfield v. Starkey,* 220 Cal.App.3d 59, 73 (1990).)

Additionally, FRCP Rule 9 has a specificity or particularity requirement. FRCP 9(b) states that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Thus, rule 9(b) serves to furnish defendant with notice, but also imposes the additional obligation on plaintiff to "aver with particularity the circumstances constituting the fraud." (*In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994).) The *GlenFed* court interpreted 9(b) to require allegations not only the time, place and content of the alleged misrepresentation, but also the circumstances indicating false statements:

[t]o allege fraud with particularity a plaintiff must set forth more than the mutual facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statements or omissions complained are misleading.

(*Id.* at 1547-48.)

Plaintiff's Complaint is filled with conclusory statements regarding allegations that an unrecorded Assignment of Deed of Trust constitutes forgery and fraud (Complaint ¶64). Such allegations are severely lacking and fail to satisfy the particularity requirements required to plead fraud. Specifically, the Complaint makes no effort to allege the names of the persons at JPMorgan or NTS who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. Therefore, Plaintiff's claim for fraud fails and Defendants' Motion should be granted without leave to amend.

## VIII. PLAINTIFF CANNOT STATE A CLAIM FOR LIBEL AGAINST DEFENDANTS

Plaintiff premises her fifth claim on the same baseless conclusions of law and fact alleged in her first through fourth causes of action. Consequently, the cause of action is equally as frivolous as the four prior causes of action. Furthermore, any actions in instituting the foreclosure are privileged under Civil Code § 47.

California Civil Code Section 47(b) provides Defendants with immunity applicable in this action. The acts and duties of a Trustee under a Deed of Trust with respect to a nonjudicial foreclosure proceeding are authorized and governed by California Civil Code 2924, et seq. Section 2924(d) states:

"All of the following shall constitute privileged communications pursuant to Section 47":

(1) The mailing, publication, and delivery of notices as required by this section.
(2) Performance of the procedure set forth in this article.
(3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties as described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure."

Here, NTS acted as Trustee under the Deed of Trust held by JPMorgan which beneficial interest was subsequently assigned to HSBC, which is the subject of the allegations set forth by Plaintiff against Defendants. NTS, acting as the agent for JPMorgan and HSBC, simply performed its duties under the Civil Code and, as such, neither can be held liable to Plaintiff. There are no allegations, nor is there any

11
MOTION TO DISMISS ADVERSARY COMPLAINT
1180600.2

1 evidence, that Defendants did, or did not do, anything outside the normal course and scope of their duties
2 with respect to the foreclosure proceedings. Therefore, since Plaintiff fails to set forth any facts to
3 support a claim for defamation and since Defendants are immune from such a claim, Defendants' Motion
4 to Dismiss should be granted without leave to amend.

### IX. PLAINTIFF'S SIXTH CLAIM FOR RELIEF TO REMOVE CLOUD FAILS.

Plaintiff seeks an order from this Court that the Deed of Trust is a cloud upon Plaintiff's title and that it should be stricken from the land records in Orange County, California (*See* Complaint, ¶82). Yet, no action by any of the Defendants caused the Deed of Trust to be recorded as a consensual lien on the Subject Property and no allegations by Plaintiff can set forth any action on the part of any of the Defendants that would cause the Deed of Trust to be stricken from the land records. Furthermore, any attempt to do so would require a valid tender of the indebtedness, and nowhere in the Complaint does Plaintiff allege that she has tendered. *See Supra, Abdallah v. United Savings Bank,* (1996) 43 Cal. Ap. 4th 1101, 1109.

Consequently, Plaintiff cannot state a claim for relief to remove cloud and Defendants' Motion to Dismiss should be granted without leave to amend.

### X. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Motion to Dismiss without leave to amend as to all causes of action.

DATED: March 1, 2010

ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
    JOHN M. SORICH
    SASAN MIRKARIMI
    S. CHRISTOPHER YOO
    Attorneys for Defendant
    HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE J.P. MORGAN MORTGAGE TRUST 2007-A1, JPMORGAN CHASE BANK, N.A., J.P. MORGAN ACCEPTANCE CORPORATION I, and J.P. MORGAN MORTGAGE ACQUISITION CORP

1180600.2

12
MOTION TO DISMISS ADVERSARY COMPLAINT

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*In re Elizabeth Barnes*
*Barnes v. HSBC Bank USA, et al.,*
USBC BK Case No.: 8:11-bk-11149
Adversary Case No.: 8:11-ap-01043-ES

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **AlvaradoSmith, 1 MacArthur Place, Santa Ana, CA 92707**.

On March 1, 2011, I served the foregoing document described as **MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on March 1, 2011, at Santa Ana, California.

*Cynthia Rosas*
Cynthia Rosas

PROOF OF SERVICE

1180726.1

## SERVICE LIST

*Barnes v. HSBC Bank USA, et al.,*
Adversary Case No.: 8:11-ap-01043-ES

| | |
|---|---|
| Elizabeth Barnes<br>6461 Oakcrest Circle<br>Huntington Beach, CA 92648 | T:714-907-4182<br>F: 714-907-4175<br><br>*ghcmecf@gmail.com*<br>**Debtor** |
| Diane J Beall, Esq.<br>Barry Fagan, Esq.<br>Gary L Harre, Esq.<br>Global Capital Law, PC<br>17612 Beach Blvd Ste 8<br>Huntington Beach, CA | T: 714-907-4182<br><br>*ghcmecf@gmail.com*<br>**Attorneys for Debtor/Plaintiff** |
| Amrane (SA) Cohen (TR)<br>770 The City Dr So Ste #3300<br>Orange, CA 92868 | T: 714-621-0200<br>F: 714-621-0277 (fax)<br><br>*efile@ch13ac.com*<br>**Trustee** |

PROOF OF SERVICE

1180726.1