Bryan L. Ngo (Bar No. 190184)
BLUE CAPITAL LAW FIM, P.C.
14441 Brookhurst St., Suite 8
Garden Grove, CA 92843
Telephone: (714) 839-3800
Facsimile: (949) 271-5788
BNgo@bluecapitallaw.com

Attorneys for Global Provision, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: <br><br> ELIZABETH BARNES, <br><br><br> Debtor. <br>――――――――――――――― <br> ELIZABETH BARNES, an Individual, <br><br> Plaintiff, <br><br> -vs.- <br><br> HSBC Bank USA, National Association, as Trustee J.P. Morgan Mortgage Trust 2007-A1, under pooling and servicing agreement dated January 1, 2007, its assigns and/or successors in interest; JPMorgan Chase Bank, N.A.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Corp.; Northwest Trustee Services, Inc.; Global Provision, LLC; and Unknown Defendants 1 through 10; Inclusive; <br><br> Defendants. <br>――――――――――――――― | Case No. 11-bk-11149-ES <br><br> Adversary Case No. 11-ap-01043-ES <br><br> Chapter 13 <br><br> **NOTICE OF OPPOSITION AND OPPOSITION OF GLOBAL PROVISION, LLC TO ELIZABETH BARNES' MOTION FOR DEFAULT JUDGMENT** <br><br><br><br><br><br><br><br> Date:      May 12, 2011 <br> Time:     9:30AM <br> Ctrm:     5A <br> Location: 5th Floor, <br>              411 W. Fourth Street <br>              Santa Ana, CA  92701 |

1

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE ERITHE A. SMITH, PLAINTIFF ELIZABETH BARNES AND HER COUNSEL, THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTERESTS:**

**NOTICE IS HEREBY GIVEN** that Global Provision, LLC (hereinafter as "Global") hereby opposes the Motion for Default Judgment *Under LBR 7055-1* filed by Plaintiff Elizabeth Barnes (the "Movant"), as filed on April 2, 2011 as case docket no. 24 under adversary case no. 8:11-ap-01043-ES, as further amended by that certain Amended Motion for Default Judgment Under LBR 7055-1 filed by Movant on April 13, 2011 as case docket no. 28 under adversary case no. 8:11-ap-01043-ES (collectively, the "Motion"), pursuant to Rules 7055 and 9024 of the Federal Rules of Bankruptcy Procedure ("FRBP") and Rules 55 and 60 of the Federal Rules of Civil Procedure ("FRCP"),

The grounds for Global's opposition are that: (1) there was a mistake, inadvertence and/or excusable neglect on the part of Global sufficient to set aside the entry of default recently entered on March 25, 2011 against Global in the current adversary case No. 11-ap-01043-ES for Global's not responding to the adversary complaint filed by Movant; and (2) Global has since filed its motion to vacate the entry of default judgment ("Motion to Vacate") and the notice of hearing on said motion ("Notice of Hearing")—both of which were filed on April 1, 2011 as case docket nos. 26 and 27, respectively, under adversary case no. 8:11-ap-01043-ES and served on all appropriate parties requiring notice. Arguments in support of Global's motion to vacate the entry of default judgment as set forth in the Motion to Vacate are fully incorporated herein and are further set forth hereinbelow in support of Global's opposition to the Motion by Movant.

Because of the above, the Motion by Movant should be denied.

Any reply to this opposition must be filed with the Court and served on this opposing party not later than 7 days prior to the hearing on the Motion by Movant.

In support of its opposition, Global respectfully states as follows:

## **MEMORANDUM OF POINTS AND AUTHORITES**
## **INTRODUCTION**

On March 25, 2011, the Clerk of the Court entered an entry of default against Global, pursuant to Debtor Elizabeth Barnes's filing of her request for entry of default against Global for failure to respond

2

to the adversary complaint, as filed in this Adversary Case No. 11-ap-01043-ES. At a hearing before this Court on Tuesday, April 5, 2011, the Court stated that Global may a file a motion to vacate the default judgment and may schedule the hearing on the motion for May 12, 2011 for 9:30AM before this Court.

Under the federal standards for setting aside a default, as embodied in Rules 7055 and 9024 of the Federal Rules of Bankruptcy Procedure and Rules 55 and 60 of the Federal Rules of Civil Procedure, entry of default and default judgments may be set aside upon a showing of i) mistake, surprise, inadvertence, or excusable neglect; ii) fraud, misrepresentation, or other misconduct of an adverse party; or iii) any other reason justifying relief from the operation of the judgment.[1] A showing under any one of these standards will justify setting aside a default.

Based on the facts set forth herein, relief under any of the standards is warranted because the elements of mistake, inadvertence and inexcusable neglect are amply demonstrated.

**FACTUAL SUMMARY**

Debtor Elizabeth Barnes (hereafter as "Debtor" or as "Plaintiff") had filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 26, 2011 ("Petition Filing Date"). Debtor's former real property located at 6461 Oakcrest Circle Huntington Beach, CA 92648 ("Property") was sold to Global for $862,000 on September 2, 2010 at a trustee's sale (the "Trustee Sale")--prior to the Petition Filing Date. Global was a bona fide purchaser and acquired title to the Property through the Trustee's Sale pursuant to California Civil Code Sections 2924 et seq. Global then filed a Complaint for Unlawful Detainer against Debtor on October 18, 2010, and the unlawful detainer trial was held on January 24, 2011. Judgment at the unlawful detainer proceedings was rendered in favor of Global on January 25, 2011. On the very next day, January 26, 2011, Debtor filed her Chapter 13 voluntary petition under case no. 11-bk-11149-ES.[2]

---

[1] Discussing contexts where relief from a default judgment under Rule 60(b)(1) of FRCP may be proper, one leading treatise provides: "[T]he judgment may be vacated when the default is due to illness or death, confusion resulting from the withdrawal of counsel, difficulties because defendant is from out-of-state, or misunderstandings between multiple defendants. When the default results only in a slight delay or is caused by a clerical error or miscalculation of time, relief also may be appropriate. Since delays frequently result when service is made on an out-of-state corporation through an appointed agent, a delay of this character may be excused and any consequent default judgment vacated. **Honest mistakes may also provide a sufficient justification for the vacating of a default judgment."** (emphasis added) 10A Wright, Miller & Kane et al., *Federal Practice and Procedure*: Civil 3d § 2695 (3d ed. 1998).

[2] It should be noted that Debtor's filed bankruptcy schedules, including Schedule A and Debtor's Chapter 13 Plan, do currently reflect that Debtor no longer has any fee simple interest in the Property (see Schedule A filed on February 9, 2011 as Doc No. 15 under case no. 11-bk-11149-ES). Further, Debtor's Chapter 13 Plan does not

3

As part of Debtor's further creative efforts to thwart Global's attempts to take possession of the Property that Global had purchased, as a bona fide purchaser, and for which Global had paid substantial consideration for at the Trustee Sale on September 2, 2010, Debtor, through her attorneys, had concurrently filed an adversary proceeding complaint on 1-26-2011, under case no. 11-ap-01043-ES (the "AP Complaint"), in order to pursue a speculative claim that then existing deed of trust on Debtor's former Property is null and void, and that the mortgage debt associated therewith has no value. Per the Debtor's Proof of Service (filed on 2-11-2011 as Doc No. 10 under 11-ap-01043-ES), service was effected on Chris Ho, as agent for service of process for Global on or about February 1, 2011. Chris Ho is not a lawyer nor is he a member of any bar of any state.

On March 8, 2011 at the hearing of Global's motion for an order confirming that the automatic stay does not apply (see Doc No. 25 filed under case no. 11-bk-11149-ES, hereinafter as the "Motion for Relief from Stay"), the Court issued and posted a tentative ruling in favor of Global's Motion for Relief from Stay, which Chris Ho had specifically noted when he had attended the March 8th hearing. See attached <u>Exhibit A</u> for Declaration of Chris Ho. See also Ho Declaration, ¶5. The March 8th hearing on Global's Motion for Relief from Stay was continued to April 5, 2011 to allow for adequate time for service of Global's motion on the individual debtor since Debtor's attorney was only previously served. Under the belief that the Court's ruling on Global's Motion for Relief from Stay will become final on April 5, 2011, Global mistakenly did not retain legal counsel to address and respond to Debtor's filed AP Complaint. See Ho Declaration, ¶¶5-6. On March 25, 2011, the Clerk of the Court entered an entry of default against Global, pursuant to Debtor Elizabeth Barnes's filing of her request for entry of default against Global for failure to respond to the AP Complaint.

## ARGUMENTS

**1. The Court May Set Aside Entry of Default For Good Cause.**

Pursuant to FRCP 55(c), made applicable to the above-captioned adversary proceeding by Bankruptcy Rule 7055, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Bankr. P. 7055(d). Further, default judgments are generally disfavored and, where possible, cases should be decided on their merits. *TCI Group Life Ins.*

---

provide for any provisions concerning the subject Property (see Debtor's Chapter 13 Plan filed on March 9, 2011 as Doc No. 31 under case no. 11-bk-11149-ES) and does not reflect that the Property is part of Debtor's reorganizational efforts. It should be further noted that Debtor has reported total household income of $1,100 per month (see Schedules I and J filed on February 9, 2011 as Doc No. 15 under case no. 11-bk-11149-ES).

*Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *amended by*, 2001 U.S. App. LEXIS 8585 (9th Cir. May 9, 2001).

FRCP Rule 60(b), made applicable to the above-captioned adversary proceeding by Bankruptcy Rule 7055, gives courts the discretion to set aside default judgments for, among other things, mistake, inadvertence, surprise, or excusable neglect or any other reason justifying relief from the operation of the judgment. These Rule 60(b) grounds are [to be] ***liberally interpreted when used on a motion for relief from an entry of default.***" *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986) (emphasis added and citations omitted). Thus, where the setting aside of a default judgment is proper under FRCP Rule 60(b), the setting aside of the entry under FRCP Rule 55(c) will also be proper.

Under FRCP Rule 60(b), relief may be granted on a showing of mistake by a party or attorney. The mistake may be one of fact or law but must relate to the defendants' duty to respond to the complaint. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

In this current case, due to Global's observance of the Court's March 8th, 2011 tentative ruling in favor of Global's Motion for Relief from Stay and under the belief that Global is but a mere bona fide purchaser of the subject Property and so incorrectly believed that it would not need to respond to the AP Complaint when the Court has already issued a favorable tentative ruling on its Motion for Relief from Stay, Global had made the inadvertent mistake of not retaining legal counsel[3] to specifically address and respond to the filed AP Complaint and thus neglected to file any responsible pleading to Debtor's AP Complaint. See Chris Ho's Declaration, ¶¶5-6. As such, due to Global's mistaken belief and excusable neglect, the Court should enter an order to vacate the entry of default against Global and deny Movant's motion for default judgment so that Global can file responsive pleadings to the AP Complaint.

2. **Mistake, Inadvertence or Excusable Neglect Warrants the Setting Aside of the Default Judgment**.

Surprise, inadvertence and excusable neglect under FRCP Rule 60(b) all boil down to a determination of whether the moving party has shown a reasonable excuse for the default. Three factors govern the lifting of a default based on excusable neglect: i) whether the defendant's culpable conduct led to the default; ii) whether the defendant has a meritorious defense; and iii) whether reopening the default judgment would prejudice the plaintiff. *TCI*, 244 F.3d at 696. Excusable neglect under Rule

---

[3] Retaining legal counsel to file responsive pleadings to the AP Complaint would be necessary for Global since Global Provision LLC is a corporate entity and not an individual.

60(b) is not reserved for extraordinary circumstances, but instead may be used to prevent prejudice to a party from a variety of causes, and takes account of factors such as prejudice, length of delay and impact on judicial proceedings, reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *TCI*, 244 F.3d at 696 (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

### a. **There Was No Culpable Conduct that Led to the Default**.

A showing of lack of culpability is ordinarily sufficient to demonstrate "excusable neglect" or "mistake" under FRCP Rule 60(b)(1). *TCI*, 244 F.3d 696 (stating that culpability means "willful, deliberate, or evidence of bad faith"). Thus, if a defendant's conduct was not "culpable," then failure to respond to a lawsuit is ordinarily excusable, and in the interests of substantial justice the better course is to vacate the default judgment and decide the case on the merits. *Id.* at 696-97. This is especially true, where, as here, equitable considerations further support vacating the entry of default judgment.

A defendant's conduct is culpable "if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI*, 244 F.3d at 697 (emphasis in original; citation omitted). "Intentional," however, does not simply mean "knowing." *Id.* The making of a conscious choice, without more, does not preclude a finding that neglect is excusable. *Id.* Rather, the focus for culpability is on whether a party has attempted to gain an advantage or to prejudice another party by its inaction. Where there has been a neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process, the failure is not *intentional* and therefore, without more, is neither culpable nor inexcusable. *Id.* at 697-98.

In this case, there is and was no intent by defendant Global to prejudice Plaintiff Elizabeth Barnes or in any way delay or impact the adversary judicial proceedings by not responding to the AP Complaint. Indeed, not enough time has passed for any delay or prejudice to occur – the entry of default judgment was only recently entered on March 25, 2011. Moreover, once defendant Global has become aware of the mistake and the resulting entry of default judgment, Global has *immediately* retained legal counsel and is now seeking to have the default judgment set aside.

### b. **Defendant Global Has Meritorious Defenses**.

The existence of a meritorious defense is not so much a "factor" as it is a prerequisite to vacating either an entry of default or a default judgment. *See, Hawaii Carpenters' Trust Funds*, 794 F.2d at 513.

Whether a defendant has a meritorious defense depends on whether "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by default." *Id.* (citation omitted). Whether a plaintiff will be prejudiced by vacating a default depends on "whether his ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) (citation omitted).

Setting aside the default would not be an exercise in pointless delay because defendant Global does have valid defenses to Plaintiff's claims. For instance, Plaintiff's claims are all premised upon the contention that prior to the Trustee's sale, the then existing deed of trust on Plaintiff's former Property (the "Deed of Trust") and the prior assignments thereof are all null and void, and that the underlying mortgage debt secured by the Deed of Trust is zero (See Plaintiff's Adversary Complaint ¶ 38-40), and that Global is being sued in its capacity as recipient of a fraudulently conveyed title. See Plaintiff's Adversary Complaint ¶ 15. Defendant Global Provision LLC, along with the named co-defendants in the current adversary case, intend to show that the foregoing claims are without merit and that the Trustee's Sale conducted on September 2, 2010 was in fact valid, and that Defendant Global Provision, LLC, as a bona fide purchaser, can rightfully rely on California Civil Code Sections 2924 et seq. on its purchase of the subject Property and acquisition of the title to said Property. As such, all of the foregoing issues will be litigated among the non-defaulting parties. Therefore, setting aside the entry of default and denying Movant's motion for default judgment would not be a pointless exercise, and the Court should issue an order to vacate the entry of default against Global and deny the motion for default judgment by Movant.

    c. **There Will Be No Prejudice To Plaintiff If the Default is Set Aside**.

Finally, there will be no prejudice to Plaintiff by setting aside the default against Global. The Ninth Circuit has noted that being forced to litigate the merits cannot be considered prejudicial for purposes of lifting a default judgment. *TCI*, 244 F.3d at 701. Plaintiffs must demonstrate genuine harm, because "[a] default judgment gives the plaintiff[s] something of a windfall by sparing [them] litigating the merits of [their] claim because of [their] opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." *Id*.

    d. **There Are Other Reasons Justifying Relief.**

        a. **The Risk of Inconsistent Judgment Warrants the Setting Aside of the Entry of Default against Global**.

Even without mistake, inadvertence, surprise, or excusable neglect, relief may be granted under Rule 60(b)(6) for "any other reason justifying relief . . ." Fed. R. Civ. P. 60(b)(6). This clause "vests power in courts adequate to enable them to vacate judgments, whenever such action is appropriate to accomplish justice." *Patapoff v. Vollstedt's Inc.*, 267 F.2d 863, 865-66 (9th Cir. 1959) (citation omitted).

Further, Rule 60(b)(6) grants federal courts broad authority to relieve a party from a final judgment "upon such terms as are just," provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5). *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863, 100 L. Ed. 2d 855, 108 S. Ct. 2194 (1988) (noting that Rule 60(b)(6) does not particularize factors that justify relief, but provides courts with authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice") (citing *Klapprott v. United States*, 335 U.S. 601, 614-15, 93 L. Ed. 266, 69 S. Ct. 384 (1949)); *see also Lyon v. Agusta S.P.A.*, 252 F.3d 1078, 1088-89 (9th Cir. 2001) (stating that the "exclusivity" of Rule 60(b)(6) is intended to prevent the one-year limitation on the other grounds for relief under Rule 60(b) from being "repealed by judicial fiat"). Notably, months must elapse before the one-year limitation on relief under Rule 60(b) even comes into play.

In this case, the very fact of the incongruity resulting from allowing the default judgment to remain in place against Global is ample reason "justifying relief." In fact, the default judgment should never have been permitted in this Court in the first instance because of the fact that there are multiple defendants in the current adversary proceeding and, as such, there is the very real risk of inconsistent judgments . As such, based on the foregoing, the Court should vacate the entry of default against Global in the interest of justice and deny the motion for default judgment by Movant.

Under the Federal Rules, only in limited circumstances may a default judgment be obtained where the action continues against other codefendants. Fed. R. Civ. P. 54(b). The court may order a default judgment against less than all the parties "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The avoidance of logically inconsistent judgments in the same action and factually meritless default judgments provide just reason that a default is not proper. Thus, where defendants allegedly are jointly liable and default is entered against one, judgment is not proper against the defaulting defendant until the matter has been adjudicated with regard to all defendants. *In re First T.D. & Inv., Inc.*, 253 F.3d

520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 21 L. Ed. 60 (1872)). The rule applies even where defendants are merely similarly situated, even if *not* jointly and severally liable. *Id.* (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984); *accord* 10A Wright, Miller & Kane, et al., *Federal Practice and Procedure*: Civil 3d § 2690 (1998).

In this case, it would be incongruous and unfair to allow Plaintiff to have a default judgment and seek damages against defendant Global Provision, LLC in an adversary case that appears to be based wholly on highly speculative claims that the Court or jury may later exonerate the other named co-defendants, on the same allegations in the very same case that an entry of default was entered. Furthermore, in this case, if the entry of default against Global is set aside, there is no prejudice to any party.

**CONCLUSION**

It is plain from the facts set forth in Mr. Ho's Declaration (See attached Exhibit A for the Ho Declaration), that there was a mistake, inadvertence and/or excusable neglect on the part of Global Provision, LLC sufficient to set aside the entry of default against Global and for the Court to deny Movant's motion for default judgment.

WHEREFORE, Global prays that this Court deny the motion by Movant and respectfully requests that this Court enter an order, vacating the entry of default judgment recently entered on March 25, 2011 against Global Provision, LLC in the above-captioned adversary proceeding and granting such other and further relief as the Court deems just and equitable.

BLUE CAPITAL LAW FIRM, P.C.

Dated: April 23, 2011           /s/ Bryan L Ngo
                                Bryan L. Ngo
                                Attorneys for Global Provision, LLC

9

# EXHIBIT A

## DECLARATION OF CHRIS HO

I, Chris Ho, do hereby declare the following under penalty of perjury under the laws of the United States of America:

(1) I am an individual over the age of 18 years and have personal knowledge of the facts stated herein. If I were called to testify as a witness about the following facts, I would and could do so under penalty of perjury.

(2) I am the president and managing member of Global Provision LLC ("Global").

(3) On or about February 1, 2011, I had received and accepted service on behalf of Global of the Adversary Complaint, filed under case no. 11-ap-01043-ES by Debtor Elizabeth Barnes ("Debtor").

(4) In reviewing the Adversary Complaint, I did not note any claims alleged specifically at Global (especially when most of the claims, if not all, were directed towards JP Morgan Chase, HSBC and Northwest Trustee Services), and thus under a mistaken belief, I did not see a reason to file an answer to the AP Complaint, especially when Global was a bona fide purchaser of the property located at 6461 Oakcrest Circle Huntington Beach, CA 92648 (the "Property").

(5) Further on March 8, 2011 at the hearing of Global's motion for relief from stay, I did learn that Judge Erithe Smith had issued a tentative ruling in favor of Global's motion for an order that the automatic stay will not apply and was under the belief that said tentative ruling will become the final ruling.

(6) Therefore based on the foregoing and under a mistaken belief, I did not believe it was necessary and thus did not retain and neglected to retain legal counsel to specifically address and respond to the filed Adversary Complaint (although Global would have needed an attorney to do so due to the fact the Global Provision is a LLC/corporate entity).

(7) On March 25, 2011, the Bankruptcy Court Clerk had filed an entry for default against Global, pursuant to Debtor's filing of its request for entry of default against Global for failure to respond to the filed Adversary Complaint.

(8) The hearing on the Motion For Default Judgment is currently scheduled for May 5, 2011, which the Court has continued to May 12, 2011.

(9) As the Entry of Default was only recently entered on March 25, 2011, I have now retained legal counsel, on behalf of Global, to file a motion to set aside the entry of default and once said motion is granted, I will authorize legal counsel to immediately file, on behalf of Global, responsive pleadings to the Adversary Complaint.

(1) I understand that Rule 55(c) of the Federal Rules of Civil Procedure, as incorporated by Bankruptcy Rule 7055, states that "For good cause shown the court may set aside an entry of default...."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and accurate to the best of my knowledge. Executed this 10th of April, 2011 in the city of Irvine, California.

Dated: April 10, 2011

_____
Chris Ho

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE:**

I am over the age of 18 years and not a party to this bankruptcy proceeding or adversary proceeding. My business address is 14441 Brookhurst St #8, Garden Grove, CA 92843.

The foregoing document described **NOTICE OF OPPOSITION AND OPPOSITION OF GLOBAL PROVISION, LLC TO ELIZABETH BARNES' MOTION FOR DEFAULT JUDGMENT; AND DECLARATION OF CHRIS HO** will be served or was served (a) on the Judge in chambers in the form and manner required by the local bankruptcy rules; and (b) in the manner indicated below:

  I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**—Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing will be served by the court via NEF and hyperlink to the document. On April 24, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Amrane (SA) Cohen (TR)
efile@ch13ac.com

Gary L Harre on behalf of Debtor Elizabeth Barnes
ghcmecf@gmail.com

Charles E Katz on behalf of Defendant Northwest Trustee Services, Inc.
ckatz@rcolegal.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

  II.  **SERVED BY U.S. MAIL OR OVERNIGHT DELIVERY**. On April 24, 2011, I served the following person(s) and/or entities at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Elizabeth Barnes
6461 Oakcrest Circle
Huntington Beach, CA 92648

Gary L Harre
Global Capital Law PC
8700 Warner Ste 200
Fountain Valley, CA 92708

Diane J Beall
Global Capital Law, PC
17612 Beach Blvd Ste 8
Huntington Beach, CA 92647

Charles E Katz
Routh Crabtree Olsen PS
13555 SE 36th St Ste 300
Bellevue, WA 98006

Barry Fagan
Global Capital Law, PC
17612 Beach Blvd Ste 8
Huntington Beach, CA 92647

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on **April 24, 2011** at Garden Grove, California.

                              /s/  Jennell Nguyen
                                   Jennell Nguyen