Bryan L. Ngo (Bar No. 190184)
BLUE CAPITAL LAW FIM, P.C.
14441 Brookhurst St., Suite 8
Garden Grove, CA 92843
Telephone: (714) 839-3800
Facsimile: (949) 271-5788
BNgo@bluecapitallaw.com

Attorneys for Global Provision, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>ELIZABETH BARNES,<br><br><br><br><br><br>Debtor.<br>_____<br><br>ELIZABETH BARNES, an Individual,<br><br>        Plaintiff,<br><br>    -vs.-<br><br>HSBC Bank USA, National Association, as Trustee J.P. Morgan Mortgage Trust 2007-A1, under pooling and servicing agreement dated January 1, 2007, its assigns and/or successors in interest; JPMorgan Chase Bank, N.A.; J.P. Morgan Acceptance Corporation I; J.P. Morgan Mortgage Acquisition Corp.; Northwest Trustee Services, Inc.; Global Provision, LLC; and Unknown Defendants 1 through 10; Inclusive;<br><br>        Defendants.<br>_____ | Case No. 11-bk-11149-ES<br><br>Adversary Case No.   11-ap-01043-ES<br><br>Chapter 13<br><br>**MOTION TO DISMISS COMPLAINT AGAINST GLOBAL PROVISION, LLC FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION CHRIS HO IN SUPPORT THEREOF**<br><br>Date:         July 6, 2011<br>Time:        10:00AM<br>Ctrm:        5A<br>Location:   5th Floor,<br>                  411 W. Fourth Street<br>                  Santa Ana, CA  92701 |

1

Global Provision, LLC (hereinafter as "Global Provision" or "Defendant"), by and through its undersigned counsel, hereby submits this motion ("Motion"), along with the accompanying Memorandum of Points and Authorities, and the Declaration of Chris Ho ("Ho Declaration"), for an order by this Court dismissing Plaintiff's Complaint in its entirety against Global Provision without leave to amend. In support thereof, Global respectfully states as follows:

## MEMORANDUM OF POINTS AND AUTHORITES

### I. INTRODUCTION

Plaintiff Elizabeth Barnes (hereafter as "Debtor" or as "Plaintiff") filed her adversary proceeding complaint ("AP Complaint") against Global Provision on January 26, 2011, seeking relief to determine the nature, extent and validity of a lien, to disallow a secured claim, to set aside a Trustee's Deed Upon sale, for TILA violations, sanctions and other relief. None of Plaintiff's Claims for Relief is specifically against Global Provision, but Global Provision was named as a defendant because Plaintiff alleged that Global Provision was a "recipient of a fraudulently conveyed title from Aztec." See Complaint, ¶¶15. Plaintiff's claims are without merit and fail to state a claim upon which relief can be granted, especially when Global Provision was a bona fide purchaser who had paid substantial consideration for the foreclosed property and thus provided reasonably equivalent value at a trustee's foreclosure sale that was conducted pursuant to California Civil Code §2924 et seq. There was no irregularity at the trustee's foreclosure sale proceeding. Accordingly, Plaintiff's Complaint should be dismissed by this Court without leave to amend.

### II. FACTUAL SUMMARY

Plaintiff had filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 26, 2011 ("Petition Filing Date"). Debtor's former real property located at 6461 Oakcrest Circle Huntington Beach, CA 92648 ("Property") was sold to Global Provision on September 2, 2010 at a trustee's foreclosure sale (the "Trustee Sale")--prior to the Petition Filing Date. Global Provision was a bona fide purchaser who had paid $862,000 in cash for the Property and had acquired title to the Property through the Trustee's Sale pursuant to California Civil Code §2924 et seq. There was no irregularity in the foreclosure proceedings. After the Trustee Sale was completed, Plaintiff and her husband refused to vacate the Property, and Global Provision then had to file unlawful detainer proceedings against Plaintiff, which commenced on October 18, 2010. The unlawful detainer trial was subsequently held on January 24, 2011, and judgment in the unlawful detainer proceedings was rendered

in favor of Global Provision on January 25, 2011. See copy of the unlawful detainer judgment, attached hereto as **Exhibit 1**—the terms of which are fully incorporated herein. On the very next day, January 26, 2011, Debtor filed her Chapter 13 voluntary petition under case no. 11-bk-11149-ES, and Global Provision's ability to take possession and enjoy the benefits of ownership of the Property was further hindered and delayed.

As part of Debtor's further efforts to thwart Global Provision's attempts to take possession of the Property that Global Provision had purchased, as a bona fide purchaser, and for which Global Provision had paid substantial consideration for at the Trustee Sale on September 2, 2010, Debtor, through her attorneys, had concurrently filed this adversary proceeding complaint on January 26, 2011, alleging that the other named defendants in the AP Complaint did not have authority to foreclose and that the non-judicial foreclosure sale of the Property should be deemed void.

As similarly stated in the responsive pleadings filed by other named co-defendants in the current adversary proceeding, on or about January 4, 2005, Plaintiff had executed a promissory note ("Note") in the principal amount of $800,000, payable to lender/beneficiary, JPMorgan Chase Bank, N.A. (a true and correct copy of the Note is attached hereto as **Exhibit 2** –the provisions of which are fully incorporated herein).

On or about January 4, 2005, Plaintiff, as borrower, executed a deed of trust ("DOT") in favor of JPMorgan Chase Bank, N.A., as lender and as United Title Company, as trustee, in the principal amount of $800,000 (a true and correct copy of the DOT is attached hereto as **Exhibit 3** --the provisions of which are fully incorporated herein). Secured with Plaintiff's Property, the DOT was recorded on January 11, 2005 as Instrument No. 2005000022661 in the Official Records of Orange County, California.

On or about March 30, 2009, JPMorgan Chase Bank, N.A., as the lender/beneficiary under the DOT assigned all beneficial interest under the DOT to HSBC Bank, USA, as trustee via the recordation of that certain Assignment of Deed of Trust ("ADOT") as Instrument No. 2009000148432 in the Official Records of Orange County, California (a true and correct copy of the ADOT is attached hereto as **Exhibit 4**–the provisions of which are fully incorporated herein).

On November 18, 2009, Northwest Trustee Services, Inc. ("NWTS"), acting as agent for the beneficiary, recorded a Notice of Default And Election to Sell Under Deed of Trust ("NOD") as Instrument No. 2009000625203 in the Official Records of Orange County, California (a true and correct

copy of the NOD is attached hereto as **Exhibit 5**—the provisions of which are fully incorporated herein).

HSBC Bank USA, as trustee acting as beneficiary, subsequently substituted Northwest Trustee Services, Inc. ("NWTS") as trustee under the DOT by recording a Substitution of Trustee on April 1, 2010 as Instrument No 2010000153855 in the Official Records of Orange County, California (a true and correct copy of the Substitution of Trustee is attached hereto as **Exhibit 6**--the provisions of which are fully incorporated herein).

Following the recordation of the NOD and the expiration of the 90-day cure period provided for under the NOD, a Notice of Trustee's Sale ("NOTS") was recorded on or about April 1, 2010 as Instrument No. 2010000153856 in the Official Records of Orange County, California (a true and correct copy of the NOTS is attached hereto as **Exhibit 7**--the provisions of which are fully incorporated herein). It should be noted that the NOTS had listed April 22, 2010 as the date of the original scheduled foreclosure sale.

On or about September 2, 2010, the Property was finally sold at a foreclosure sale, and NWTS conveyed the Property to the bona fide purchaser, Global Provision LLC, via Trustee's Deed Upon Sale dated September 9, 2010 and recorded on September 14, 2010 as Instrument No. 2010000453697 in the Official Records of Orange County, California. A true and correct copy of the Trustee's Deed Upon Sale is attached hereto as **Exhibit 8**--the provisions of which are fully incorporated herein. See also the *Declaration of Chris Ho*, attached hereto as **Exhibit 9**—the provisions of which are also fully incorporated herein.

### III. ARGUMENTS

#### A. Standards Governing Rule 12(b)(6) Motion

Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6), made applicable in bankruptcy matters pursuant to Federal Rules of Bankruptcy Procedure Rule 7012, permits the Court to dismiss a cause of action where the pleading fails to state a claim upon which relief can be granted. The motion tests the legal sufficiency of the claims alleged in the complaint. The Court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy against the defendant, Global Provision, LLC—a bona fide purchaser who had purchased the Property at a trustee foreclosure sale conducted in accordance with Cal. Civ. Code §2924 et seq. If the answer is no, the motion to dismiss must be granted. *De La Crux v. Tormey*, 582 F.2d 45, 48 (1978). Further, a Rule 12(b)(6) dismissal is

4

proper where there is either a "**lack of cognizable legal theory**" or the "absence of sufficient facts alleged under a **cognizable legal theory** to support a claim against the moving defendant." (emphasis added.) *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (1990). A complaint must be dismissed under Rule 12(b)(6) if it fails to plead enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). The "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*.

### B. Plaintiff's First Cause of Action For Declaratory Relief Fails to State a Claim Upon Which Relief Can Be Granted .

Plaintiff's claim for declaratory relief fails. The Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201, provides, in pertinent part:

> In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations or any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The DJA's operation is "procedural only." *Aetna Life Ins. Co. of Hartford, Conn. V. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 463 (1937). A DJA action requires a district court to "inquire whether there is a case of actual controversy within its jurisdiction." *American States Ins. Co. v. Kearns,* 15 F.3d 142, 143-144 (9th Cir. 1994). As to controversy to invoke declaratory relief, the question is whether there is a "substantial controversy, between the parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270 (1941).

Furthermore, "[d]eclaratory relief is only appropriate (1) when the judgment will serve as a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton,* 783 F.2d 1371, 1376 (9th Cir. 1986). Although "[t]he existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate" (Fed. R. Civ. Proc. 57), "the availability of other adequate remedies may make declaratory relief inappropriate…" S*treamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345, *4 (C.D.Cal. May 2, 2006). *Rincon v. Reconstruct Co. et al*, 2009 WL 2407396, *6.

In the current case, declaratory relief is not necessary and would be inappropriate. Plaintiff alleges that a judicial determination is warranted "to declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property." See, *Complaint*, ¶44. Plaintiff contends that "Defendant Northwest was not the Trustee under the Deed of Trust and had no power of sale to convey the property by virtue of the Trustee's Deed Upon Sale . . . " See, *Complaint*, ¶41. Plaintiff also concludes that the defendant HSBC does not hold both the Note and Deed of Trust (See, *Complaint*, ¶36), that the lien is void (See, *Complaint*, ¶37) and that the conveyance of the Trustee's Deed Upon Sale issued by Northwest Trustee Services, Inc. constitutes fraud (See, *Complaint*, ¶41). However, Plaintiff fails to and does not challenge the sufficiency of the non-judicial foreclosure process.

California Civil Code Sections §§2924 to 2924i sets forth the "statutory framework established to govern non-judicial foreclosure sales" in the State of California. *Moeller v. Lien* (1994) 25 Cal. App. 4th 822, 834. Plaintiff appears to be claiming in her request for declaratory relief that the foreclosure process was improper and that neither HSBC nor Northwest Trustee Services, Inc. had the right to foreclose on the Property. See, *Complaint*, ¶40-44. However, recorded documentation, included with this Motion, refutes all allegations by Plaintiff that the named defendants lacked the requisite power and authority to act in the manner that they did. It should be noted that Plaintiff failed to reference the Assignment Deed of Trust recorded on March 30, 2009 whereby JPMorgan Chase Bank, N.A., as beneficiary, assigned the beneficial interest under the deed of trust to HSBC. Therefore, HSBC is the assignee beneficiary of the deed of trust and thus was authorized to instruct Northwest Trustee Services, Inc. (who was substituted in as trustee) to proceed with the foreclosure sale. See Exhibits 4 and 6 attached hereto.

Therefore, the facts, as supported by the recorded documentation, included with this Motion, clearly demonstrate that (i) Northwest Trustee Services, Inc. properly conducted a non-judicial foreclosure sale pursuant to California Civil Code §2924, et seq. during which foreclosure sale, Global Provision LLC, as a bona fide purchaser, had purchased the subject Property and (ii) that there was no irregularity with the foreclosure proceedings, and as such, no actual controversy exists.

Further, the Ninth Circuit has ruled that when a foreclosure sale is held in compliance with applicable state procedural law and is non-fraudulent[1], the sale is not

---

[1] A nonfraudulent foreclosure sale is referred to by the courts as a "non-collusive" foreclosure sale. The term "noncollusive" describes a good faith foreclosure sale. A "collusive" foreclosure sale is one in which the purchaser and the debtor act in

voidable under the Bankruptcy Code, if the purchaser had paid substantial consideration for the foreclosed property and thus had provided reasonably equivalent value. *BFP v. Imperial Savings and Loan Association*, 974 F.2d 1144 (9th Cir. 1992); cert. granted, 114 S.Ct. 37 (1993), affirmed by the U.S. Supreme Court in *BFP, PETITIONER v. RESOLUTION TRUST CORPORATION, AS RECEIVER OF IMPERIAL FEDERAL SAVINGS ASSOCIATION, ET AL.*, 511 U.S. 531; 114 S. Ct. 1757 (1994). In the present case, Global Provision, as a bona fide purchaser, had paid $862,000 in cash for the Property and had acquired title to the Property through the Trustee's Sale that was conducted pursuant to California Civil Code §2924 et seq. See attached Ho Declaration.

Furthermore, even if Plaintiff were to somehow challenge that the non-judicial foreclosure process did not fully comply with Calif. Civ. Code §2924, et seq., the statutory framework of Calif. Civ. Code §2924, et seq. offers substantial protection for Global Provision due to its role as a bona fide purchaser, which sections thereof repeatedly state throughout that "Any failure to comply with the provisions of this subdivision **shall not affect the validity of a sale in favor of a bona fide purchaser** or the rights of an encumbrancer for value and without notice." (emphasis added). Calif. Civ. Code §2924, et seq.

As such, in light of the foregoing and that no actual controversy exists between Defendant Global Provision LLC and Plaintiff, especially in light of Global Provision, LLC's status as a bona fide purchaser and the protections provided to bona fide purchasers under Calif. Civ. Code §2924, et seq., Global Provision respectfully requests the Court to grant its Motion to Dismiss, without leave to amend.

### C. Plaintiff's Second Claim for Relief Fails to State a Claim.

Plaintiff's allegations in its Second Claim for Relief are identical to the allegations in the First Claim for Relief; therefore, all of the foregoing arguments by Global Provision shall equally apply here.

### D. Plaintiff's Third Claim for Relief is Against HSBC, not Global Provision.

Plaintiff's third claim seeks relief against defendant HSBC, not Global Provision. Therefore, no argument is presented by Global Provision.

//

//

---

concert to defraud the debtor's creditors. These types of transactions are the focus of states' fraudulent conveyance laws. Such transactions could be voidable under 11 U.S.C. § 548(a)(1). In our present case, the good faith bona fide purchaser, Global Provision has no relationship whatsoever with the debtors, the lenders and/or any of the parties involved. *See attached Ho Declaration.*

### E. Plaintiff's Fourth Claim for Fraud in Conveyance Fails to State a Claim Upon Which Relief Can Be Granted.

The elements of fraud are (1) a false representation of a material fact, (2) knowledge of the falsity (scienter), (3) intent to induce another into relying on the representation, (4) reliance on the representation, and (5) resulting damage. *Ach. v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968); 5 Witkin, California Procedure, Pleadings, §668, at 123 (4th ed. 1997); see also *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996). Further, a plaintiff must plead a fraud claim specifically and not generally. Specific pleading requires facts that clearly allege every element of the fraud with particularity. *Stansfield v. Starkey*, 2220 Cal. App.3d 59, 73 (1990). As against a corporate entity (such as Global Provision, LLC), all of these elements must specifically alleged, in addition to the name and/or authority of each person who made each untrue statement. *Tarmann v. State Farm Mut. Auto Ins. Co.*, 2 Cal.App.4th 153, 157 (1991).

Plaintiff's Complaint is filled with conclusory statements and fails to satisfy the particularity requirements to plead fraud. Further, the Complaint fails to allege the names of any persons at Global Provision LLC who made the alleged misrepresentations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written. Furthermore, this claim for relief appears to be targeted against the other named defendants and not Global Provision. Therefore, Plaintiff's claim for fraud fails, particularly against defendant Global Provision, and Global Provision's Motion to dismiss Plaintiff's Complaint should be granted, without leave to amend.

### F. Plaintiff Cannot State a Claim for Libel Against Defendant.

In this claim for relief, Plaintiff offers nothing but conclusory statements. California Civil Code §47(b) provides the named defendants with immunity applicable in the current action in regards to their actions and duties with respect to the non-judicial foreclosure proceeding, as authorized and governed by California Civil Code §2924, et seq. Section 2924(d) states:

> "All of the following shall constitute privileged communications pursuant to Section 47:
> (1) The mailing, publication, and delivery of notices as required by his section.
> (2) Performance of the procedure set forth in this article.
> (3) Performance of the functions and procedures set forth in this article if those functions and procedures are necessary to carry out the duties as described in Sections 729.040, 729.050, and 729.080 of the Code of Civil Procedure."

In the present case, Northwest Trustee Services, Inc., acted as trustee under the Deed of Trust held by JPMorgan Chase Bank, N.A., which beneficial interest was subsequently assigned to HSBC, which is the subject of the allegations made by Plaintiff.  Northwest Trustee Services, Inc, acting as agent for JP Morgan and HSBC, simply performed its duties under the Civil Code and as such, cannot be held liable to Plaintiff.  Furthermore, there are no allegations nor is there any evidence that any of the defendants, including Global Provision who is a bona fide purchaser, did anything outside the normal course and scope of their duties with respect to the foreclosure proceedings.  Therefore, pursuant to FRCP Rule 12(b)(6), dismissal is appropriate where no claim for relief has been stated.  Accordingly, Global Provision's Motion should be granted and Plaintiff's entire Complaint should be dismissed, without leave to amend.

### G. **Plaintiff's Sixth Claim For Relief to Remove Cloud is a Remedy, not a Cause of Action and thus also fails.**

Plaintiff seeks an order from this Court that the Deed of Trust is a cloud upon Plaintiff's title and that it should be stricken from the land records in Orange County (*See*, Complaint ¶82).  No action by Northwest Trustee Services, Inc. caused the Deed of Trust to be recorded as a consensual lien on the property and no allegations by Plaintiff demonstrate any action on the part of Northwest Trustee Services, Inc. that would cause the Deed of Trust to be stricken from the land records.  Further, any attempt to do so would require a valid tender of the indebtedness, and nowhere in the Complaint does Plaintiff allege that she has made or has offered a proper tender.  *See Supra, Abdallah v. United States Bank* (1996) 43 Cal. Ap. 4th 1101, 1109.

Accordingly, Plaintiff cannot state a claim for relief to remove cloud, and defendant Global Provision's Motion to Dismiss should be granted, without leave to amend.

### H. **Conclusion.**

For the reasons as set forth herein above and in light of the fact that defendant Global Provision LLC is a bona fide purchaser who had paid substantial consideration for the foreclosed Property and thus provided reasonably equivalent value at a trustee's foreclosure sale that was conducted pursuant to California Civil Code §2924 et seq. with no irregularities, coupled with the fact that Plaintiff has been occupying the Property that has been foreclosed since September 14, 2010, a period of more than nine (9) months without any rental payments or form of compensation whatsoever to Global Provision, LLC,

defendant Global Provision respectfully requests that the Court grant its Motion to Dismiss <u>without leave to amend</u> as to all causes of action and for such other and proper relief as the Court deems just.

BLUE CAPITAL LAW FIRM, P.C.

Dated: May 23, 2011

   /s/ Bryan L Ngo
Bryan L. Ngo
Attorneys for Global Provision, LLC